163788.2

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

07 CV 11476

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

VAN CLEEF & ARPELS, S.A.,
VAN CLEEF & ARPELS, INC. and
VAN CLEEF & ARPELS DISTRIBUTION, INC

     Plaintiffs,

     v.

HEIDI KLUM GmbH and
MOUAWAD USA, INC.,

     Defendants.
-------------------------------------------------------------x

Civil Action

RECEIVED
DEC 21 2007
U.S.D.C. S.D. N.Y.
CASHIERS

COMPLAINT

   Plaintiffs, complaining of defendants, through their undersigned counsel, hereby allege as

follows:

## NATURE OF THE CASE, JURISDICTION AND VENUE

   1.  This is an action for copyright and trade dress infringement for sale of jewelry

items bearing copies of Plaintiffs' proprietary jewelry designs.  Plaintiffs represent the interests

of the jewelry house Van Cleef & Arpels – famous for over a century for its designs and quality.

For nearly forty years, Van Cleef & Arpels has marketed the Alhambra collection of jewelry,

which has become world renowned for its distinctive well-recognized design.

   2.  Defendants have appropriated this design and incorporated it into their jewelry

line, attempting to appropriate the goodwill built up by Van Cleef & Arpels to create their own

"symbol." Such use of the Van Cleef & Arpels design has created great confusion in the marketplace; Defendants' products are often confused or believed to originate from Van Cleef & Arpels.

3.     Similarly, a recent *New York Times* article about the Alhambra jewelry collection entitled "Coming Up Clover" stated that "[k]nockoffs [of the Alhambra design] are rampant" and that "Heidi Klum appropriated the clover design for the jewelry she designs for Mouawad . . ."

4.     Given the confusion in the marketplace caused by defendants' misappropriation of the distinctive Alhambra look, as well as misappropriation of more specific, copyrighted designs, Van Cleef & Arpels brings this action to put a stop to such infringements of its rights.

5.     This Court has subject matter jurisdiction over the claims in this action arising under the Copyright and Trademark Acts pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has subject matter jurisdiction over the claims in this action arising under State law pursuant to 28 U.S.C. §§ 1367 and 1338.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## THE PARTIES

8.     Plaintiff Van Cleef & Arpels, S.A,. is a corporation organized and existing under the laws of Switzerland, having an office and place of business at 8 Route de Chandolan, 1752 Villars-sur-Glane, Switzerland.

9.     Plaintiff Van Cleef & Arpels, Inc. is a corporation organized and existing under the laws of the State of New York, having an office and place of business at 12 West 57th Street, New York, NY 10015.  Van Cleef & Arpels, Inc. is a licensed importer of Van Cleef & Arpels

brand products, and is the exclusive licensee for the sale of such products at retail in the United States.

10.    Plaintiff Van Cleef & Arpels Distribution, Inc. is a corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 12 West 57th Street, New York, New York 10019.  Van Cleef & Arpels Distribution, Inc. is a licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the sale of such products at wholesale in the United States.

11.    For the purposes of this Complaint, except where specified, the interests of plaintiffs Van Cleef & Arpels, S.A., Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. herein are as a practical matter identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or "VCA."

12.    Defendant Heidi Klum GmbH is, upon information and belief, a corporation organized under the laws of Germany, having an office and place of business at Postfach 200584, 51435 Bergisch Gladbach, Germany (hereinafter "HKG").  Defendant HKG is transacting and doing business in this judicial district or is otherwise subject to the personal jurisdiction of this Court.

13.    Defendant Mouawad USA, Inc. is a corporation organized under the laws of the State of California, having an office and place of business at 2029 Century Park East, Suite 2880, Los Angeles, CA 90067 ("Mouawad")  Defendant Mouwad is transacting and doing business in this judicial district or is otherwise subject to the personal jurisdiction of this Court.

14.    All of the defendants named hereinabove are collectively referenced herein as "Defendants."

3

## FACTS COMMON TO ALL COUNTS

**The Van Cleef & Arpels Brand and Business**

15.     The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place Vendome in Paris.  Plaintiffs and their affiliates and predecessors in interest are famous for the production of fine luxury watches and jewelry, innovation in watch and jewelry styles and designs, and introduction of new and important jewelry technologies, including the introduction of a patented invisible-setting technique in the 1930s.  For many years, and long since before the acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale in interstate and intrastate commerce of high quality luxury jewelry, watches and related goods (the "VCA Products").

**The Vintage Alhambra Jewelry Design**

16.     VCA is the owner of all rights, including the copyright, in the Vintage Alhambra Jewelry design (hereinafter the "VINTAGE ALHAMBRA Jewelry Design").  That design appears thus:



4

17.     The VINTAGE ALHAMBRA Jewelry Design is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright.  VCA is the owner of all rights in such design.

18.     VCA owns Copyright Registration No. GP 101,958 for the VINTAGE ALHAMBRA Jewelry Design, which was first received by the Copyright Office on January 7, 1976.  A copy of this registration is attached hereto and identified as Complaint Exhibit 1 (the "VINTAGE ALHAMBRA Jewelry Design Registration").

19.     On November 15, 2007 VCA recorded a document entitled "Second Statement Regarding Copyright Registration."  A copy of such recordation is attached hereto and identified as Complaint Exhibit 2.

**The Alhambra 2000 Jewelry Design**

20.     VCA is the owner of all rights, including the copyright, in what is known as the Alhambra 2000 jewelry design.  That design appears thus:



(hereinafter the "ALHAMBRA 2000 Jewelry Design").

21.     The ALHAMBRA 2000 Jewelry Design is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright.  VCA is the owner of all rights in such design.

22.     VCA filed an application for registration of the ALHAMBRA 2000 Jewelry Design, but such application was refused.  VCA is thus entitled to maintain this action under 17 U.S.C. § 411, because "the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused," 17 U.S.C. § 411.  As required by the statute, notice of this action, along with a copy of the complaint, is being served upon the Register of Copyrights.

**The MODERN ALHAMBRA Jewelry Design**

    23.    VCA is the owner of all rights, including the copyright, in the Modern Alhambra

jewelry design collection.  That design appears thus:



(hereinafter the "MODERN ALHAMBRA Jewelry Design").

7

24.    The MODERN ALHAMBRA Jewelry Design is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright.  VCA is the owner of all rights in such design.

25.    The MODERN ALHAMBRA Jewelry Design was first offered for sale outside the United States, and its respective designers were not all U.S. nationals.  Accordingly, such a design is not a "U.S. Work" within the meaning of 17 U.S.C. §§ 101 and 411 and no registration is required to maintain this action.

26.    All of the above-identified jewelry designs are collectively referenced herein as the "VAN CLEEF ALHAMBRA Jewelry Designs" and the copyrights therein collectively as the "VAN CLEEF ALHAMBRA Copyrights."


**The ALHAMBRA Trade Dress**

27.    Since the introduction of the VINTAGE ALHAMBRA Jewelry Design in 1968, VCA has created, marketed and promoted new variations of the VINTAGE ALHAMBRA Jewelry Design that incorporate the distinctive look of the VINTAGE ALHAMBRA Jewelry Design and are marketed under the Alhambra name.  The family members of the Alhambra collection include the Alhambra 2000, the Modern Alhambra, the Lucky Alhambra, the Byzantine Alhambra and the Magic Alhambra.  Through extensive advertising and promotion of the entire Alhambra collection and the various Alhambra family members, the entire Alhambra collection and its distinctive look have come to be associated with VCA as a single source.

28.    VCA's Alhambra Jewelry thus features a distinctive and unique combination of elements that collectively create a particular trade dress (the "ALHAMBRA Trade Dress").  The

ALHAMBRA Trade Dress consists of a collocation of design elements.  The combination of all or almost all such elements together give the jewelry a distinct overall look and commercial impression.  Although these elements cannot be perfectly described in words, the following generally describes the elements of the ALHAMBRA Trade Dress:

A quatrefoil shaped ornament comprising:

1.  four identical lobes;

2.  each lobe having a semicircular shape;

3.  the lobes having both left-right and top-bottom symmetry;

4.  an outer band;

5.  having a constant width;

6.  the outer surface of the band defining the contour of the ornament;

7.  the inner surface of the band defining an inner or central portion;

8.  having four identical cusps (inner points of the lobes) which extend about half way into the ornament;

9.  the inner portion;

10.  having a quatrefoil shape defined by the inner surface of the outer band; and

11.  which is either hollowed out or made of a single filling material, such as mother of pearl, onyx, lapis, diamonds or metal, and may include a small centered jewel.

29.    The collocation of features set forth in the above paragraph herein constitutes a distinctive trade dress that has secondary meaning.  This design has been extensively promoted by VCA in the United States and has achieved significant sales success.  The pubic has come to recognize this design as distinctive of this collection of VCA jewelry and as an indication of source of such jewelry.  The ALHAMBRA Trade Dress is thus a means by which VCA is known to the public and the trade as the sole source and origin of Alhambra jewelry.

30.     The ALHAMBRA Trade Dress is in no way functional.

**Defendants' Infringing Activities**

31.     On information and belief, Defendants have created, designed, manufactured, sold, offered for sale and/or distributed copies of the VAN CLEEF ALHAMBRA Jewelry Designs and products embodying the ALHAMBRA Trade Dress.

32.     On information and belief, such activities were done willfully and knowingly, knowing that certain of such jewelry was based upon designs copied from the VAN CLEEF Jewelry Designs and that such products (including both pieces which directly copy the VAN CLEEF Jewelry Designs as well as other products) are confusingly similar to the ALHAMBRA Trade Dress.

33.     No Defendant in this action has sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein.

**COUNT I**

**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 501**

34.     VCA repeats and reincorporates herein by reference each of the foregoing allegations.

35.     Defendants have infringed upon VCA's copyrights in the VAN CLEEF ALHAMBRA Jewelry Designs identified hereinabove, by reproducing such designs without

authorization and distributing copies thereof by sale and other means, and/or contributing to or inducing the reproduction and distribution of said design.

36.     Defendants' copyright infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

37.     VCA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

## COUNT II

### TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

38.     VCA repeats and incorporates herein by reference each of the foregoing allegations.

39.     Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

40.     Defendants' adoption and use of the ALHAMBRA Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

41. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated therewith.

42. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

43. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

## COUNT III

## COMMON LAW TRADE DRESS
## INFRINGEMENT AND UNFAIR COMPETITION

44. VCA repeats and incorporates herein by reference each of the foregoing allegations.

45. Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

46. Defendants' actions constitute common law trade dress infringement and unfair competition.

47.    The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated with them.

48.    Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

49.    Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

**WHEREFORE**, Plaintiffs demand:

1.    That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained from further copying or otherwise infringing upon Plaintiffs' copyrights identified herein.

2.    That Defendants be required to deliver up to Plaintiffs for destruction any and all goods in their possession that infringe upon the copyrights identified herein.

3.    That Defendants be required, pursuant to 17 U.S.C. § 504, to account to Plaintiffs for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of said Defendants' actions complained of herein, and/or statutory damages, which Plaintiffs may at a later time elect to recover.

4.      That pursuant to 17 U.S.C. § 505, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

5.      That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

(a)      From using in any manner the ALHAMBRA Trade Dress, alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by VCA, or not authorized by VCA to be sold in connection with their respective said marks;

(b)      From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by VCA;

(c)      From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs that are not in fact genuine VCA goods, or not produced under the control and supervision of VCA and approved by VCA and

(d)      From otherwise competing unfairly with Plaintiffs in any manner.

6.      That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

14

7.      That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

8.      That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

9.      That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

10.     That Plaintiffs be awarded punitive damages.

11.     That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

12.     That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

13.    That Plaintiffs have such other and further relief as the Court may deem just and

proper.

Dated:  December 21, 2007                    By: _Milton Springut_____
                                                  Milton Springut, Esq.
                                                  David A. Kalow, Esq.
                                                  Tal S. Benschar, Esq.
                                                  KALOW & SPRINGUT LLP
                                                  488 Madison Avenue
                                                  New York, New York 10022
                                                  (212) 813-1600

                                                  Attorneys for Plaintiffs
                                                  Van Cleef & Arpels, S.A.; Van Cleef &
                                                  Arpels, Inc. and Van Cleef & Arpels
                                                  Distribution, Inc.

COMPLAINT

EXHIBIT 1

Page 1

# Application
## for Registration of a Claim to Copyright
### in a work of art or a model
### or design for a work of art

FORM G

REGISTRATION NO.

**GP 101958**

DO NOT WRITE HERE

GF    GFO    (GP)    GU

CLASS

**G**

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED at line 11. For published works the application should not be submitted until after the date of publication given in line 6(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, together with:

(a) If unpublished, a photograph or other identifying reproduction of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work (or if appropriate, photographs—see line 4) and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). For published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited. If initials are used in the notice, the name should be the same as appears elsewhere on the copies.

Name  VCA - Alternative designation for Van Cleef & Arpels, Inc.

Address  744 Fifth Avenue, New York, N.Y.  10019

Name  ...........................................................................

Address  ...........................................................................

**2. Title:** "Alhambra" NECKLACE # 4V258 - Gold & Semi-precious Stones
(Give the title of the work as it appears on the copies; a descriptive title may be used where the work is entirely pictorial or sculptural)

**3. Nature of Work:**  Artistic Jewelry
(Characterize the general type of artistic work involved, as for example, painting, drawing, sculpture, etc.)

▶▶ NOTE: Leave line 4 blank unless the work has been PUBLISHED and photographs deposited in lieu of copies. ◀

**4. Optional Deposit:** (See information on page 4.)

Basis for claiming option (Check and fill in **ONE** of the following):

☒ Monetary value (retail value per copy)  abt. $1,500    ☐ Weight (in pounds)  ..................

☒ Size (give dimensions) 33 ins. long    ☐ Fragility (give details)  ..................

**5. Author** (i.e., Artist): Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. The citizenship of organizations formed under U.S. Federal or State law should be stated as U.S.A. If the copyright claim is based on new matter (see line 7) give information about the author of new matter.

Name  Van Cleef & Arpels, Inc.                    Citizenship  USA
(Give legal name followed by pseudonym if latter appears on the copies)                    (Name of country)

Domiciled in U.S.A.  Yes  X  No ...... Address  744 Fifth Avenue, N.Y., N.Y.  10019

▶▶ NOTE: Leave all spaces of line 6 blank unless your work has been PUBLISHED. ◀

**6. (a) Date of Publication:** Give the complete date when copies of this particular work were first placed on sale, sold, or publicly distributed. The date when copies were made or printed should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

10/31/68
(Month)   (Day)   (Year)

**(b) Place of Publication:** Give the name of the country in which this particular work was first published.

USA

**(c) Manufacture Outside United States by Lithographic or Photoengraving Process:** If the copies of this work were manufactured outside the United States by lithographic or photoengraving process, give the name of the country of manufacture.

▶▶ NOTE: Leave all spaces of line 7 blank unless the instructions below apply to your work. ◀

**7. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or if a substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes ...... No ...... Date of registration ...................... Registration number ......................

Was work previously published? Yes ...... No ...... Date of registration ...................... Registration number ......................

Is there any substantial **NEW MATTER** in this version? Yes .......... No .......... If your answer is "Yes," give a brief general statement of the **NEW MATTER** in this version. (New matter may consist of compilation, abridgment, editorial revision, and the like, as well as additional artistic or graphic material.)

EXAMINER  [initials]

*Complete all applicable spaces on next page*

VCA0005

8. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account: ............

9. Name and address of person ~~organization~~ to whom correspondence ~~~~ if any, should be sent:

Name ........................E. Gurin.........................    Address ..744 Fifth Avenue, New York, N.Y. 10.

10. Send certificate to:

(Type or
print
name and
address)

Name ................ Evelyne Gurin ................

Address .............. 744 Fifth Avenue ..............
               (Number and street)

.............. New York, N.Y. 10019 ..............

| (City) | (State) | (ZIP code) |

11. **Certification:**

(Application not
acceptable
unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

............................ *Evelyne Gurin* ............................
(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request:

Class A   Form A—Published book manufactured in the United States of America.

Class A   Form A–B Foreign—Book or periodical manufactured outside the United States of America (except works subject to
or B       the ad interim provisions of the copyright law).
          Form A–B Ad Interim—Book or periodical in the English language manufactured and first published outside the
           United States of America.

Class B   Form B—Periodical manufactured in the United States of America.
          Form BB—Contribution to a periodical manufactured in the United States of America.

Class C   Form C—Lecture or similar production prepared for oral delivery.

Class D   Form D—Dramatic or dramatico-musical composition.

Class E   Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which
           was first published in the United States of America.
          Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of
           America and which was not first published in the United States of America.

Class F   Form F—Map.

Class G   Form G—Work of art or a model or design for a work of art.

Class H   Form H—Reproduction of a work of art.

Class I   Form I—Drawing or plastic work of a scientific or technical character.

Class J   Form J—Photograph.

Class K   Form K—Print or pictorial illustration.
          Form KK—Print or label used for an article of merchandise.

Class L   Form L–M—Motion picture.
or M

Class N   Form N—Sound recording.

•   Form R—Renewal copyright.

■   Form U—Notice of use of musical composition on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | | |
|---|---|---|
| Application received | Two copies received | Photographs or reproductions received |
| JAN 0 7 1976 | | OCT 1 1975 |
| One copy or reproduction received | | |
| | | |
| Fee received | | |
| 65401   OCT 1 1975 | | |
| Renewal | | |

U.S. GOVERNMENT PRINTING OFFICE : 1974 O - 549-864

*Page 2*

VCA0006



VCA0007

COMPLAINT

EXHIBIT 2

## Document Cover Sheet
UNITED STATES COPYRIGHT OFFICE

Copyright Office fees are subject to change.
For current fees check the Copyright Office website at
*www.copyright.gov*, write to the Copyright Office,
or call (202) 707-3000.

For best results, fill in the form on-screen and then print it.

**For Recordation of Documents**

Volume _____    Document _____

Volume _____    Document _____

Date of recordation   M _____ D _____ Y _____
(ASSIGNED BY THE COPYRIGHT OFFICE)

Funds received _____

DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights: *Please record the accompanying original document or properly certified copy thereof.*

**1** First party name given in the document
Van Cleef & Arpels, Inc.

(IMPORTANT: *Please read instruction for this and other spaces.*)

**2** First title given in the document
"Alhambra" NECKLACE #4V258 — Gold and Semi-Precious Stones

**3** Total number of titles in the document
One

**4** Amount of fee calculated
$95

**5** Fee enclosed
☒ Check   ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account

Deposit account number _____

Deposit account name _____

**6** Completeness of document
☒ Document is complete by its own terms   ☐ Document is not complete. Record "as is."

IMPORTANT NOTE: *A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.*

**7** Certification of Photocopied Document
Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature.
NOTE: *This space may not be used for documents that require an official certification.*

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document.

Signature _Milton Springut_    Date 11/13/c

Duly authorized agent of   Van Cleef & Arpels, Inc.

**8** Return to:
Name   Milton Springut, Esq., KALOW & SPRINGUT LLP

Number/street   488 Madison Avenue              Apt/suite   1900

City   New York          State   NY        Zip   10022

Phone number   (212) 813-1600       Fax number   (212) 813-9600

Email   ms@creativity-law.com

SEND TO: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*
INCLUDE ALL THESE TOGETHER: (1) Two copies of this form; (2) payment from a deposit account or by check/money order payable to *Register of Copyrights*; and (3) your document.

FORM DCS   REV: 09/2007   PRINT: 09/2007—··,000   Printed on recycled paper                U.S. Government Printing Office: 2007-330-945/60,···

VCA 0508

160192.1

## SECOND STATEMENT REGARDING COPYRIGHT REGISTRATION

This statement is to correct and clarify certain information submitted to the Copyright Office by Van Cleef & Arpels, Inc. with respect to the copyright registration for the "Alhambra" Necklace #4V258 – Gold & Semi-Precious Stones, GP 101958, and the first "Statement Regarding Copyright Registration" which was recorded on December 13, 2006. (A copy of the latter is attached as Exhibit A).

The following items of information should be corrected or clarified:

(1) On line number 6(a), the date of publication was identified in the original registration as "10/31/68." This is correct. The statement recorded on December 13, 2006 that this date should have been identified as November 1970 is incorrect.

(2) On line number 6(b), the place of publication was identified as "USA" but should have been identified as France. This was already corrected in the statement recorded on December 13, 2006.

(3) On line number 5, the author was listed in the original registration as Van Cleef & Arpels, Inc. This statement was incorrect. The correct author is the *Société de Lapidaires et Professionnels de la Recherche Artistique*, also known as "SLEPRA." That company was a French corporation, domiciled in France, having an address at 22 Place Vendôme, 75001 Paris, France.

**VCA 0509**

(4) Van Cleef & Arpels, Inc., is a New York corporation having its place of business at 12 West 57th Street, New York, NY.  Van Cleef & Arpels, Inc. is the assignee of the copyright from SLEPRA and is the current owner and claimant thereof.

November 13, 2007

Milton Springut
Kalow & Springut LLP
488 Madison Avenue, 19th Floor
New York, NY 10022

Duly Authorized Representative and
Agent of Van Cleef & Arpels, Inc.

VCA 0510

**EXHIBIT A**



# *Certificate of Recordation*

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

| DATE OF RECORDATION | |
|---|---|
| 13Dec06 | |
| VOLUME | DOC. NO. |
| 3544 | 949 |
| VOLUME | DOC. NO. |

*Marybeth Peters*

Register of Copyrights and
Associate Librarian for Copyright Services

C-762 · JANUARY 2004 — 4,000

VCA 0512

## Document Cover Sheet

UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume ___35×5___  Document ___949___

Volume _____

Date of recordation  M ___DEC 13 2006___

**RECEIVED**

**DEC 13 2006**

**DOCUMENT SECTION**

Funds received _____

DO NOT WRITE ABOVE THIS LINE • SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights: *Please record the accompanying original document or properly certified copy thereof.*

**1** First party name given in the document    Van Cleef & Arpels, Inc.

**2** First title given in the document    (IMPORTANT: Please read instruction for this and other spaces.)
"Alhambra" NECKLACE #4V258 — Gold & Semi-Precious Stones

**3** Total number of titles in the document    One

**4** Amount of fee calculated    (As previously paid)

**5** Fee enclosed
☐ Check   ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
*Apply fee from Control No. 11-300-4373(K)
Deposit account number _____

Deposit account name _____

**6** Completeness of document    ☒ Document is complete by its own terms.   ☐ Document is not complete. Record "as is."

IMPORTANT NOTE: *A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.*

**7** Certification of Photocopied Document    Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature.
NOTE: *This space may not be used for documents that require an official certification.*

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document. Executed on ___11/28/06___.

Signature ___Milton Springut___

Duly authorized agent of ___Van Cleef & Arpels, Inc.___

**8** Return to:    Name ___Milton Springut, Esq., Kalow & Springut LLP___

Number/street ___488 Madison Avenue___    Apt/suite ___1900___

City ___New York___    State ___NY___    Zip ___10522___

Phone number ___(212) 813-1600___    Fax number ___(212) 813-9600___

Email ___ms@creativity-law.com___

SEND TO: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*
INCLUDE ALL THESE TOGETHER: (1) Two copies of this form; (2) payment from a deposit account or by check/money order payable to Register of Copyrights; and (3) your document.

DOCUMENT COVER SHEET  REV 07/2006    PRINT: 07/2006 — 44,000  Printed on recycled paper    U.S. Government Printing Office: 2006-310-XXX/60XXX

VCA 0513

# ◉ Document Cover Sheet · Basic Information

Read all of the instructions below before completing this form. Use of the Document Cover Sheet is optional but encouraged.

*When to use this form*  Use the Document Cover Sheet when you are submitting a document for recordation in the U.S. Copyright Office.

*Mailing requirements*  It is important to send the original cover sheet and one copy of the cover sheet for each document that is being submitted for recordation. The two copies of the Document Cover Sheet, the document, and the fee must be sent together in the same envelope or package. The Copyright Office cannot process them unless they are received together. Send to: Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000

Cover sheets should be typed or printed and should contain the information requested so that the Copyright Office can process the document and return it. Be sure to complete space 8 so that the recorded document can be returned. The Copyright Office will process the document based on the information in the document or an attachment that is part of the document. Information for indexing will not be taken from the Document Cover Sheet or attachments that were *not* part of the document when it was executed (signed). To be recorded, the document must satisfy the recordation requirements of the copyright law and Copyright Office regulations.

The person submitting a document with a cover sheet is solely responsible for verifying the correctness of the cover sheet and the sufficiency of the document. Recording a document submitted with or without a cover sheet does not constitute a determination by the Copyright Office of the document's validity or effect. Only a court may make such a determination.

When a Document Cover Sheet is submitted, it will be imaged with the document as part of the public record.

**PRIVACY ACT ADVISORY STATEMENT** (*Required by the Privacy Act of 1974* (*P.L. 93-579*)): The authority for requesting this information is title 17 USC, sec. 205. Furnishing the requested information is voluntary. But if the information is not provided, it may be necessary to delay recordation.

The principal uses of the requested information are the establishment and maintenance of a public record and the evaluation for compliance with the recordation requirements of section 205 of the copyright code. Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright recordations, and preparation of search reports upon request.

**NOTE:** No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this cover sheet.

## Space-by-Space Instructions

*Space 1: First party given in the document*  This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 2: First title given in the document*  This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 3: Total number of titles in the document*  The total number of titles (including a.k.a. and other variant titles of a work) determines the recordation fee. In the case of multiple title documents, titles that are repeated in documents are counted as a single title, except where the document lists different issues, volumes, episode numbers, etc. following each title. Each such entry is regarded as a separate title and will be indexed separately and counted separately when computing the fee for recording the document. The Copyright Office verifies title counts.

*Space 4: Amount of fee calculated*  There is a basic fee for recording a document containing one title. There is an additional charge for each group of up to 10 additional titles. "Alternative" titles, "formerly-known-as" titles, and "also-known-as" titles are considered to be extra titles. Titles are counted by groups. If there are fewer than 10 titles in a group, the fee for a group still applies. Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov,* write the Copyright Office, or call (202) 707-3000. Please remember that the fee is based on the number of titles in a document, not the number of works.

*Space 5: Fee enclosed*  Check the appropriate box. If a Copyright Office deposit account is to be charged, give the Copyright Office

deposit account number and name. The Office only accepts domestic money orders and checks payable through a U.S. bank with American Bankers Association routing numbers. International and postal money orders are not accepted.

*Space 6: Completeness of document*  Check the appropriate box. Please read the "Important note" if checking "Record 'as is.'" All documents recorded under §205 of the Copyright Act must be complete by their own terms to be recorded. Notices of termination recorded under §203, §304(c), and §304(d) must be complete and exact duplicates of the notices as served. Please refer to Copyright Office regulations in Chapter 37 CFR §201.4 and §201.10 and Circular 12, *Recordation of Transfers and Other Documents,* for more information.

*Space 7: Certification of photocopied documents*  Complete this section only if submitting a photocopied document in lieu of a document bearing the actual original signature. If a photocopy of the original signed document is submitted, it must be accompanied by a sworn certification. A sworn certification signed by at least one of the parties to the document or that party's authorized representative (who is identified as such at space 7) will satisfy that requirement. The date entered in the date field should be the date you sign the Document Cover Sheet. Copies of documents on file in a federal, state, or local government office must be accompanied by an original official certification.

*Space 8: Return to*  Give the name and address of the person to whom the recorded document should be returned. The Copyright Office does not maintain paper files of recorded documents. The documents are imaged and returned to the person or firm designated in this space. Please include telephone number, fax number, and email address in case we need to contact you.

VCA 0514

*V3544 D949*



135941.2

<u>STATEMENT REGARDING COPYRIGHT REGISTRATION</u>

    In the copyright registration for the "Alhambra" Necklace #4V258 – Gold & Semi-Precious Stones, GP 101958, the following errors were made: (1) on line number 6(a), the date of publication was identified as "10/31/68" but should have been identified as November 1970; and (2) on line number 6(b), the place of publication was identified as "USA" but should have been identified as France. This document is submitted to correct these errors. Attached as Exhibit A is a copy of a Form CA that is dated November 28, 2006 and lists these two errors.

December 13, 2006

                                       Scott D. Locke, Esq.

                                       Kalow & Springut LLP
                                       488 Madison Avenue, 19th Floor
                                       New York, NY 10022

                                       **Duly Authorized Representative and Agent of Van Cleef & Arpels, Inc.**

V3545 D949    Page 1

VCA 0515

**EXHIBIT A**

V3545 D949    Page 2

VCA 0516

| FORM CA RECEIVED | | FORM CA |
|---|---|---|
| NOV 0 6 2006 | NOV 3 0 2006 | |

FUNDS RECEIVED DATE

NOV 0 6 2006

EXAMINED BY

CORRESPONDENCE ☐

FOR COPYRIGHT OFFICE USE ONLY

REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION   ☐ YES ☐ NO

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Continuation of: ☒ Part B or ☐ Part C

Line Number: 6(b)    Line Heading or Description: Place of Publication

Incorrect Information as it Appears in Basic Registration
USA

Corrected Information
France

Explanation of Correction
Investigation determined that the place of publication was not accurate.

Correspondence: Give name and address to which correspondence about this application should be sent.

Milton Springut, Esq.
Kalow & Springut LLP
488 Madison Avenue, 19th Floor, New York, NY 10022

Phone ( 212 ) 813-1600                    Fax ( 212 ) 813-9600          Email  ms@creativity-law.com

Deposit Account: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name

Account Number

Certification* I, the undersigned, hereby certify that I am the: (Check only one)
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ duly authorized agent of  Van Cleef & Arpels, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼  Milton Springut                                        Date ▼  October 31, 2006

Handwritten signature (X) ▼   *Milton Springut*

Certificate will be mailed in window envelope to this address:

| Name ▼ | Milton Springut, Esq. |
|---|---|
| Number/Street/Apt ▼ | Kalow & Springut LLP, 488 Madison Avenue, 19th Floor |
| City/State/ZIP ▼ | New York, NY 10022 |

YOU MUST:
· Complete all necessary spaces
· Sign your application in Space F

SEND ALL ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form CA-Full   Rev: 07/2006   Print: 07/2006—xx,000   Printed on recycled paper

V3545 D949 Page 3





**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|----|-----|----|----|----|----|----|----|----|

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

Month    Day    Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

Title of Work ▼
"Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones

Registration Number of the Basic Registration ▼
GP 101958

Year of Basic Registration ▼
1975

Name(s) of Author(s) ▼
Van Cleef & Arpels, Inc.

Name(s) of Copyright Claimant(s) ▼
Van Cleef & Arpels, Inc.

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number  6 (a)         Line Heading or Description  Date of Publication

Incorrect Information as It Appears in Basic Registration ▼

10/31/68

Corrected Information ▼

November 1970

Explanation of Correction ▼

Investigation determined that the date of publication was not accurate.

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____ Line Heading or Description _____

Amplified Information and Explanation of Information ▼

**MORE ON BACK** ▶  • Complete all applicable spaces (D-G) on the reverse side of this page.
• See detailed instructions.    • Sign the form at Space F.

DO NOT WRITE HERE
Page 1 of _____ pages

VCA 0518

**Document Cover Sheet**
UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume _____ Document _____

Volume _____ Document _____

Date of recordation    M _____ D _____ Y _____
[ASSIGNED BY THE COPYRIGHT OFFICE]

Funds received _____

DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights: *Please record the accompanying original document or properly certified copy thereof.*

**1** First party name given in the document    Van Cleef & Arpels, Inc.

**2** First title given in the document    [IMPORTANT: *Please read instruction for this and other spaces*]    "Alhambra" NECKLACE #4V258 — Gold & Semi-Precious Stones

**3** Total number of titles in the document    One

**4** Amount of fee calculated    (As previously paid)

**5** Fee enclosed
☐ Check   ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
*Apply fee from Control No. 11-300-4373(K)

Deposit account number _____

Deposit account name _____

**6** Completeness of document    ☒ Document is complete by its own terms   ☐ Document is not complete. Record "as is."

**IMPORTANT NOTE:** *A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.*

**7** Certification of Photocopied Document    Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature.
**NOTE:** *This space may not be used for documents that require an official certification.*

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document. Executed on ___11/28/06___
DAY

Signature _____

Duly authorized agent of    Van Cleef & Arpels, Inc.

**8** Return to:    Name    Milton Springut, Esq., Kalow & Springut LLP

Number/street    488 Madison Avenue    Apt/suite    1900

City    New York    State    NY    Zip    10522

Phone number    (212) 813-1600    Fax number    (212) 813-9600

Email    ms@creativity-law.com

SEND TO: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*
INCLUDE ALL THESE TOGETHER: **(1)** *Two copies of this form;* **(2)** *payment from a deposit account or by check/money order payable to Register of Copyrights; and* **(3)** *your document.*

DOCUMENT COVER SHEET   REV. 07/2006   PRINT 07/2006 — 8K,000   Printed on recycled paper   U.S Government Printing Office: 2006-310-888/60088

VCA 0519