GREGORY T. CASAMENTO (GC-5273)
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue
New York, NY  10119
(212) 947-4700
(212) 947-1202 (fax)

JOHN T. WILLIAMS (JW-9928)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
(312) 443-0371
(312) 896-6371 (fax)

***Attorneys for Defendant
Mouawad USA, Inc.***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

| | |
|---|---|
| VAN CLEEF & ARPELS, S.A.,<br>VAN CLEEF & ARPELS, INC., and<br>VAN CLEEF & ARPELS DISTRIBUTION, INC. | 07-CV-11476 (SAS) |
| | **MEMORANDUM IN SUPPORT OF<br>DEFENDANT MOUAWAD USA,<br>INC.'S MOTION TO DISMISS THE<br>COMPLAINT** |
| Plaintiffs, | |
| | **DISPOSITIVE MOTION** |
| vs. | |
| HEIDI KLUM GmbH and<br>MOUAWAD USA, INC. | |
| Defendants. | |

------------------------------------------------------------- x

## TABLE OF CONTENTS

INTRODUCTION.................................................................................................... 1

THE ALLEGATIONS IN THE COMPLAINT ....................................................... 4

ARGUMENT ............................................................................................................ 9

I.      THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY FOR
        FAILURE TO STATE A CLAIM ............................................................... 9

        A.      The Complaint Does Not Specifically Articulate A Protectable Trade
                Dress ................................................................................................ 10

                1.      The Alleged All-Encompassing Trade Dress Is Merely The
                        Generic And Overbroad Idea Of The Symmetrical Quatrefoil
                        Shape ................................................................................... 12

                2.      VCA's At Least Six Various Jewelry Designs At Issue Here,
                        Some Depicted In The Complaint And Some Only On Its
                        Website, Are Different And Inconsistent From Each Other –
                        And Are Described Differently In Other Litigation Before This
                        Court ................................................................................... 14

                3.      The Alleged All-Encompassing Trade Dress Is Not Specific To
                        Its Product Design .............................................................. 16

                4.      VCA's Alleged Trade Dress Prevents Orderly Discovery And
                        Motion Practice In This Case .............................................. 18

        B.      The Complaint Fails To Properly Plead The Elements Of Copyright
                Infringement .................................................................................... 18

                1.      The Complaint Fails To Allege A Valid Copyright For
                        "Vintage Alhambra".............................................................. 19

                2.      The Complaint Fails To Allege A Valid Copyright For
                        "Alhambra 2000" .................................................................. 21

                3.      The Complaint Fails To Allege A Valid Copyright For
                        "Modern Alhambra" .............................................................. 22

                4.      The Complaint Does Not Properly Plead The Works Infringed,
                        The Time Period Of Infringement, Or The Infringing Works........... 24

CONCLUSION ..................................................................................................... 25

# TABLE OF AUTHORITIES

## <u>Federal Cases</u>

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ................................................................. 9

*Big Island Candies, Inc. v.  Cookie Corner*, 269 F. Supp. 2d 1236 (D. Haw. 2003).................... 11

*Bloom v. United States Gov't*, 2003 U.S. Dist. LEXIS 18087 (S.D.N.Y. Oct. 10, 2003) ............. 9

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*,
    348 F. Supp. 2d 217 (S.D.N.Y. 2004)........................................................................ 10, 15, 16

*Conan Properties, Inc. v. Mattel, Inc.*, 601 F. Supp. 1179 (S.D.N.Y. 1984)......................... 20, 21

*Cruise v. Doyle*, 2008 U.S. Dist. LEXIS 1286 (S.D.N.Y. Jan. 9, 2008)........................................ 9

*Doron Precision Sys. v. FAAC, Inc.*, 423 F. Supp. 2d 173 (S.D.N.Y. 2006)................................. 6

*Harris v. New York State Dep't. of Health*, 202 F. Supp. 2d 143 (S.D.N.Y. 2002)....................... 6

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998)................. 23

*Jackson v. Broad. Music, Inc.*, 2006 U.S. Dist. LEXIS 3960 (S.D.N.Y. Feb. 1, 2006) ................ 6

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992) ................................................................ 18

*Kelly v. L.L. Cool J.*, 23 F.3d 398 (2d Cir. 1994) .......................................................................19

*Knitwaves v. Lollytogs Ltd.*, 71 F.3d 996 (2d Cir. 1995)............................................................ 18

*Malaco Leaf, AB v. Promotion In Motion, Inc.*, 287 F. Supp. 2d 355 (S.D.N.Y. 2003) ........ 11, 12

*Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary
    Dance, Inc.*, 380 F.3d 624 (2d Cir. 2004) ............................................................................ 19

*Metrokane, Inc. v. Wine Enthusiast*, 160 F. Supp. 2d 633 (S.D.N.Y. 2001) ........................... 4, 10

*Paul Morrell Design, Inc. v. Tiffany & Co.*, 200 F. Supp. 2d 482 (E.D. Pa. 2002)...................... 21

*Sadu Singh Hamdad Trust v. Ajit Newspaper Advertising, Marketing and Comms., Inc.*,
    503 F. Supp. 2d 577 (S.D.N.Y. 2007)................................................................................... 23

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) .................................................................................... 4

*Shevy Custom Wigs, Inc. v. Aggie Wigs*, 2006 U.S. Dist. LEXIS 83495
    (E.D.N.Y. Nov. 17, 2006).................................................................................................... 11

*Sun Micro Med. Techs. Crop. v. Passporte Health Comm's, Inc.*,
    2006 U.S. Dist. LEXIS 87772 (S.D.N.Y. Dec. 4, 2006) ........................................................ 19

*Tooker v. Copley*, 1987 U.S. Dist. LEXIS 14910 (S.D.N.Y. Mar. 24, 1987)................... 20, 21, 22

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205 (2000) ........................................ 10, 11

*Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 210 F. Supp. 2d 147 (E.D.N.Y. 2002)  ............ 20

*Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 354 F.3d 112 (2d Cir. 2003)........................20, 21

*World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486 (S.D.N.Y. 2007) .............. 9

*Yurman Design, Inc. v. Golden Treasure Imps., Inc.*,
  275 F. Supp. 2d 506 (S.D.N.Y. 2003)......................................................................... 15, 16, 19

*Yurman Design, Inc. v. PAJ, Inc.*,
  262 F.3d 101 (2d Cir. 2001)................................................10, 11, 12, 14, 15, 16, 18

## <u>Federal Statutes</u>

17 U.S.C. § 101............................................................................................................... 23

17 U.S.C. § 104............................................................................................................... 24

17 U.S.C. § 410(c) .......................................................................................................... 19

17 U.S.C. § 411....................................................................................................... 20, 21, 22

17 U.S.C. § 505............................................................................................................... 25

## <u>Federal Rules</u>

Fed. R. Civ. P. 12(b)(6)........................................................................................ 1, 2, 3, 6, 9, 25

Fed. R. Evid. 201(b).......................................................................................................... 6

## CERTIFICATION PURSUANT TO THIS COURT'S INDIVIDUAL RULES AND PROCEDURES

Pursuant to this Court's Individual Rules and Procedures, III.B., counsel for Defendant, Mouawad USA, Inc. and counsel for Plaintiffs exchanged letters prior to the filing of this Motion to Dismiss and were unable to eliminate the need for the instant motion.

Defendant, Mouawad USA, Inc. ("Mouawad"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint of Plaintiffs Van Cleef & Arpels, S.A., Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. (collectively "VCA") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## <u>INTRODUCTION</u>

VCA's Complaint herein now alleges that the well-known jewelry collection launched in April 2003 of Mouawad and Defendant Heidi Klum GmbH ("Heidi Klum Collection") infringes a single alleged trade dress of a generic quatrefoil (literally "four leaves") shape covering a wide swath of its assorted jewelry designs VCA now collectively characterizes in this Complaint as its "Vintage Alhambra Jewelry Design" and several other, different Alhambra designs – including "Alhambra 2000", "Modern Alhambra", "Lucky Alhambra", "Byzantine Alhambra", and "Magic Alhambra" – which VCA now attempts in this Complaint to collectively characterize as the "Alhambra Trade Dress".  The Complaint further alleges that the Heidi Klum Collection infringes claimed copyrights for what VCA in this Complaint now collectively and vaguely characterizes as its certain "Van Cleef Alhambra Jewelry Designs".

The Complaint is defective on its face and must be dismissed because as a matter of law. VCA fails to plead the necessary elements for either the trade dress or copyright causes of action, and thus fails to allege a single claim upon which this Court can grant relief.  VCA alleges in this Complaint neither a specifically articulated protectable trade dress nor a single valid copyright – nor does the Complaint identify either the jewelry infringed nor any infringing jewelry design of the Heidi Klum Collection.  But VCA's obvious attempt to avoid well-settled pleading requirements and the controlling authority of this Circuit by positing in this Complaint only conclusory, unarticulated, and contradictory allegations compels its dismissal.

**Trade Dress Allegations**

It is critical to address at the outset that the statutory and common law trade dress causes of action of Count II and Count III, respectively, are deficient and fail to state a claim on their face for at least four reasons. First, VCA has failed in this Complaint to specifically articulate a protectable trade dress. The "Alhambra Trade Dress" now pled in this Complaint is nothing more than an impermissable generic, overbroad, and all-encompassing recitation of the idea of the symmetrical quatrefoil shape commonly found in the public domain. Second, it is evident from the Complaint's images of "Vintage Alhambra Jewelry Design", "Alhambra 2000 Jewelry Design", and "Modern Alhambra Jewelry Design" – and obviously telling by both the absence of any images in the Complaint of "Lucky Alhambra", "Byzantine Alhambra" or "Magic Alhambra" and a simple review of their respective images depicted on VCA's website – that the various Alhambra designs are distinctly different and inconsistent in appearance. It is pled in this Complaint that the only commonality of alleged trade dress among them is the impermissably generic idea of the symmetrical quatrefoil shape. Accordingly, VCA's own fact recitation in its Complaint defeats its conclusory allegation that it owns one all-encompassing trade dress for the generic quatrefoil shape. Third, this defective all-encompassing trade dress now alleged in this Complaint is contradicted by and inconsistent with VCA's sworn allegations describing its "Alhambra Trade Dress" in other infringement suits previously filed in this Court and elsewhere. *See Van Cleef & Arpels Logistics, S.A., et al. v. Landau Jewelry, et al.,* No. 07-CV-564 (SAS); *Van Cleef & Arpels Logistics, S.A., et al. v. Zirconmania, Inc.,* No. 07-CV-565 (SAS); *Van Cleef & Arpels Logistics, S.A., et al. v. JJ Gold Int'l, Inc.,* No. 07-CV-1445 (SAS) (consolidated as Case No. 07-CV-564) ("*Landau*"). This chameleon-like trade dress pleading belies as a matter of law VCA's attempt now in this Complaint to expand its claimed trade dress

protection to an all-encompassing trade dress for the generic quatrefoil shape. Fourth, the "Alhambra Trade Dress" set forth in this Complaint does not allege what VCA products or product lines are included within the alleged generic quatrefoil trade dress, how the quatrefoil is incorporated into such products, and whether VCA's alleged trade dress protection extends to products other than jewelry. Accordingly, VCA's trade dress Counts must be dismissed as a matter of law because VCA has wholly failed to allege an actionable trade dress(es).

**Copyright Allegations**

The copyright cause of action of Count I also must be dismissed because it is insufficiently pled under Fed. R. Civ. P. 12(b)(6). The Complaint alleges infringement of three copyrights. Only one of the three claimed copyrights has been registered with the Copyright Office and, due to unusual circumstances regarding their alleged publication, all three are subject to rigid statutory formalities in order to be found valid under the Copyright Act. The Complaint must allege compliance with these formalities to plead a claim for copyright infringement – and utterly fails to do so. First, the Complaint does not plead any allegation regarding whether the statutorily required notice was included on published copies of the "Vintage Alhambra Jewelry Design," at the time of its first publication in 1968. Second, the Complaint fails to include the requisite supporting documentation, registration application and/or refusal letter from the Copyright Office to state a claim for infringement of the "Alhambra 2000 Jewelry Design," which it claims was rejected by the Copyright Office. Third, the Complaint does not allege the required location and timing of first publication or the authorship details necessary to properly plead protection under the Copyright Act for the "Modern Alhambra Jewelry Design".

## THE ALLEGATIONS IN THE COMPLAINT[1]

Defendants Mouawad and Heidi Klum GmbH have created, designed, manufactured, sold, offered for sale and/or distributed jewelry that is alleged to be "copies" of VCA's all-encompassing "Alhambra Trade Dress" and three copyrighted "Van Cleef Alhambra Jewelry Designs".  (Compl. ¶ 31).  Utterly absent from VCA's Complaint is any allegation identifying either specific VCA products that are alleged to be infringed or any particular Heidi Klum Collection jewelry pieces which are infringing.[2]

**Trade Dress Allegations**

VCA's Complaint alleges that "VCA's Alhambra Jewelry" – composed of several collections of jewelry designs including the "Vintage Alhambra," "Modern Alhambra," "Alhambra 2000," "Lucky Alhambra," "Byzantine Alhambra," and "Magic Alhambra," – "features a distinctive and unique combination of elements that collectively create a particular trade dress," *i.e.*, the "Alhambra Trade Dress."  (Compl. ¶¶ 27-28.)  But VCA's description in this Complaint of its alleged all-encompassing quatrefoil shape trade dress is concurrently generic, vague, overbroad and inconsistent.  The only commonality alleged here between the six different Alhambra jewelry designs is that each are in the shape of a generic symmetrical quatrefoil.  While VCA attempts in this Complaint to artfully describe its "Alhambra Trade

---

[1]  Courts must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff when ruling on a motion to dismiss under Rule 12(b)(6). *Metrokane, Inc. v. Wine Enthusiast*, 160 F. Supp. 2d 633, 636 (S.D.N.Y. 2001) *citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Therefore, for purposes of this Motion to Dismiss only, Mouawad treats the allegations of the Complaint as true.

[2] VCA's failure to identify any specific Heidi Klum Collection jewelry pieces as infringing – or the date its purported claims accrued – prevents Mouawad from raising in this Motion to Dismiss its statute of limitations defense(s) for, *inter alia,* its jewelry pieces designed, created and sold before December 21, 2004.

Dress" as eleven elements, the alleged trade dress merely sets forth the obvious four lobes, outer boundary and inner boundary of a generic, geometric shape – the symmetrical quatrefoil:

A quatrefoil shaped ornament comprising:

1.      four identical lobes;

    2.      each lobe having a semicircular shape;

    3.      the lobes having both left-right and top-bottom symmetry;

4.      an outer band;

    5.      having a constant width;

    6.      the outer surface of the band defining the contour of the ornament;

    7.      the inner surface of the band defining an inner or central portion;

    8.      having four identical cusps (inner points of the lobes) which extend about half way into the ornament;

9.      the inner portion;

    10.     having a quatrefoil shape defined by the inner surface of the outer band;

    11.     which is either hollowed out or made of a single filling material, such as mother of pearl, onyx, lapis, diamonds or metal, and may include a small centered jewel.

(Compl. ¶ 28).  This Complaint includes images of the distinctly different jewelry designs "Vintage Alhambra," "Modern Alhambra," and "Alhambra 2000."  (Compl. ¶¶ 16, 20, 23.) While VCA's Complaint tellingly does not include a single image of either "Lucky Alhambra," "Byzantine Alhambra," or "Magic Alhambra," even a cursory viewing of VCA's website (www.vancleef-arpels.com) demonstrates that each of them differs from each other and the three images included in the Complaint of "Vintage Alhambra," "Modern Alhambra," and "Alhambra

2000."[3]  VCA's Complaint does not allege whether the "Lucky Alhambra," "Byzantine Alhambra," or "Magic Alhambra," designs – or for that matter "Vintage Alhambra," "Modern Alhambra," or "Alhambra 2000"- were created before or after the April 2003 launch of the Heidi Klum Collection.

This case marks the latest in a series of inconsistent and contradictory attempts by VCA in actions pending before this Court to assert trade dress protection over the "Alhambra Trade Dress".  *See Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*; *Van Cleef & Arpels Logistics, S.A. v. Zirconmania, Inc.*; *Van Cleef & Arpels Logistics, S.A. v. JJ Gold International, Inc. d/b/a Lauren G. Adams*, consolidated as Case No. 07-CV-564 (collectively, "*Landau*").[4]  In its *Landau* Complaints, VCA identifies the "ALHAMBRA Trade Dress"[5] as:

(a)     Clover-shaped jewelry;

(b)     Having a flat shape;

(c)     Inlaid with translucent or colored material, such as Mother-of-Pearl;

(d)     A beaded metal frame around the clover shape; and

---

[3] "For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination."  *Doron Precision Sys. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n. 8 (S.D.N.Y. 2006) (internal citations omitted).

[4] This Court may take judicial notice of VCA's admissions in its *Landau* pleadings under Fed. R. Evid. 201(b).  *Jackson v. Broad. Music, Inc.*, No. 04 Civ. 5948, 2006 U.S. Dist. LEXIS 3960, *18 (S.D.N.Y. Feb. 1, 2006) ("the court may take judicial notice of public records and of 'admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action' without converting the motion into one for summary judgment.") *quoting Harris v. New York State Dep't. of Health*, 202 F. Supp. 2d 143, 173 (S.D.N.Y. 2002).

[5] It is significant that VCA has admitted that (referring to at least "Vintage Alhambra", "Magic Alhambra" and "Lucky Alhambra") **"there are several lines of jewelry in the Alhambra jewelry collection."**  (*Landau*, [Dkt. #45], Plfs' Rev'd. Reply to Defs "Statement of Undisputed Facts" and Statement of Material Facts Pursuant to Local Civil Rule 56.1 at 6) (emphasis added).

(e)    Having slightly larger beads at the four indented corners of the clover shape.

(*See Landau*, [Dkt. #1] Compl.; *see also*, *Zirconmania*, [Dkt. #1] Compl.; *JJ Gold International*, [Dkt. #1] Compl.; *see also, Landau*, [Dkt. #45], Plfs' Rev'd. Reply to Defs "Statement of Undisputed Facts" and Statement of Material Facts Pursuant to Local Civil Rule 56.1 at 5-6). VCA alternatively has recharacterized the trade dress in *Landau* as:

- a quatrefoil-shaped charm or pendant.  The quatrefoil shape is not identical to the four-leaf clover found in nature;

- an outer metal border which has fine, half-spherical beading;

- larger beads or 'studs' at each of the four corners of the quatrefoil;

- in-laid material – which may include semi-precious stones such as mother-of-pearl, onyx, corral, lapis lazuli, turquoise, *etc*. which are ground to fit the border… [and] uses consistent stone colors for all quatrefoil charms in a given piece;

- on necklaces and bracelets, the quatrefoil pendants are laid out evenly along a chain, with a particular spacing (about 3 to 4 times the width of the quatrefoil charm).  While the chain itself is not especially creative, the placement along the chain is, creating a 'pretty balance' among the piece."

(*See Landau*, [Dkt. #44] Pls' Rev'd. Mem. of Law in Opp. to Defs' Mot. for Summary Judgment and in Support of Its Cross-Mot. for Partial Summary Judgment at 5-6; *see also, Landau*, [Dkt. #45] at 4).  VCA further has conceded in *Landau* that "the Vintage Alhambra Jewelry Design is simply **much more than a 'clover with a frame**,'" and VCA does not claim protection "**in the quatrefoil shape – which has been known for at least 1000 years – but in a combination of elements[.]**"  (*See Landau*, [Dkt. #44] at 14) (emphasis added) - yet this is precisely the protection which this Complaint disingenuously seeks.  VCA further has attempted to distinguish the *Landau* Defendants' demonstrations of other quatrefoil-shaped jewelry by declaring that "none of the examples provided have the elements of the Vintage Alhambra trade dress; **they all lack the distinctive beading and corner beads**," (s*ee id*. at 22) (emphasis added), and has

conceded that the "Alhambra Trade Dress" "**is much more than a quatrefoil with a border**." (*See Landau*, [Dkt. #45], at 4) (emphasis added).

**Copyright Allegations**

The Complaint further purports to allege infringement of VCA's copyrights in the "Vintage Alhambra Jewelry Design," "Alhambra 2000 Jewelry Design," and "Modern Alhambra Jewelry Design." (Compl. ¶¶ 17, 21, 24.) The Complaint includes images depicting the three designs – which are markedly different in style and appearance. (Compl. ¶¶ 16, 20, 23.) The "Vintage Alhambra Jewelry Design," allegedly was published in 1968 and registered with the Copyright Office on January 7, 1976 as No. GP 101,958 ("GP 101,958"), styled "'Alhambra' NECKLACE # 4V258 – Gold & Semi-precious Stones," (Compl. ¶ 18.) While the alleged registration and recent "Second Statement Regarding Copyright Registration" are referred to in the Complaint as Exhibits 1 and 2, neither was originally attached to the Complaint filed with this Court nor to the Complaint mailed by VCA's counsel to counsel for Mouawad.[6] However, the Complaint fails to allege whether the first published copy – or any subsequent copies – included the required copyright notice necessary to obtain a valid copyright at the time of its first publication. Moreover, while the Complaint alleges that VCA filed an application to register the "Alhambra 2000 Jewelry Design" with the Copyright Office – which allegedly was refused (Compl. ¶ 22) – it wholly fails to allege the required publication date or notice information related to that design. VCA has not attached to the Complaint either this alleged copyright application or the refusal of the Copyright Office. Finally, the Complaint conclusorily alleges that the "Modern Alhambra Jewelry Design" "was first offered for sale outside the United States,

_____

[6] Exhibits 1 and 2 of VCA's Complaint still have not been served on Mouawad. VCA's counsel did not respond to counsel for Mouawad's March 19, 2008 letter request for Exhibits 1 and 2, but the Docket reveals that VCA surreptitiously and without leave or notice to Mouawad filed copies with the Clerk of Court on March 21, 2008.

and its respective designers were not all U.S. nationals" (Compl. ¶ 25), but the Complaint wholly

omits the necessary allegations and supporting documentation regarding the location and timing

of first publication necessary to properly plead copyright protection under United States law.

### ARGUMENT

VCA has failed to state a claim upon which relief can be granted for either its trade dress

or copyright claims alleged in its Complaint, and there are several grounds for the dismissal of

each. *See* Fed. R. Civ. P. 12(b)(6).

## I.    THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) requires dismissal of a claim when the party has failed to state a claim upon

which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). While a court must assume as true all

well-pleaded factual allegations in the complaint, it need not accept conclusory allegations when

ruling on a motion to dismiss under Rule 12(b)(6). *See, e.g., Bloom v. United States Gov't*, No.

02 Civ. 2352, 2003 U.S. Dist. LEXIS 18087, *18 (S.D.N.Y. Oct. 10, 2003) (Conclusory

allegations "are plainly insufficient to prevent a Rule 12(b)(6) dismissal.").

If a plaintiff fails to plead *any* essential element of a claim for which it seeks relief, such

a claim should be dismissed. *See Cruise v. Doyle*, No. 07 Civ. 3940, 2008 U.S. Dist. LEXIS

1286, *4 (S.D.N.Y. Jan. 9, 2008) ("Dismissal is proper where a plaintiff fails to plead the basic

elements of a claim."). Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint

must plead enough facts to plausibly suggest that the plaintiff will be entitled to relief; a mere

possibility that plaintiff might some day be able to find facts is not enough. *See Bell Atl. Corp. v.

Twombly*, 127 S. Ct. 1955, 1966 (2007); *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F.

Supp. 2d 486, 2007 U.S. Dist. LEXIS 93775, *12 (S.D.N.Y. Dec. 21, 2007). Further, a plaintiff

must plead "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Twombly,* 127 S. Ct. at 1964-65; *World Wrestling Entm't* at *12.

When deciding a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider

"documents referenced in the complaint and documents that are in the plaintiffs' possession or

that the plaintiffs knew of and relied on in their suit" and "matters of which judicial notice may

be taken." *Metrokane, Inc. v. Wine Enthusiast*, 160 F. Supp. 2d 633, 636-37 (S.D.N.Y. 2001).

A.    **The Complaint Does Not Specifically Articulate A Protectable Trade Dress**

The Complaint fails as a matter of law to allege a claim for trade dress infringement

under the Lanham Act or New York Common Law.[7]  Controlling authority in this Circuit,

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001) ("*PAJ*"), requires that VCA

specifically articulate the particular design elements that are consistently expressed within

VCA's distinctly different "Vintage Alhambra," "Modern Alhambra," "Alhambra 2000," "Lucky

Alhambra," "Byzantine Alhambra," and "Magic Alhambra," jewelry designs and protected by

trade dress.  In an apparent quest for market exclusivity, VCA aims high in this Complaint by

ignoring this pleading requirement and vaguely alleging a new single, all-encompassing

"Alhambra Trade Dress" which merely describes the idea of a simple, generic, geometric shaped

ornament – the symmetrical quatrefoil.

VCA's Complaint does not articulate a protectable trade dress for any of VCA's products

or product lines.  A particular product's design may be protected as trade dress if the design has

achieved "secondary meaning."  *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205,

215 (2000).  That is, the primary significance of the product's design must be to identify – in the

minds of the public – the source of the product rather than the product itself.  *Wal-Mart*, 529 U.S.

───────────────────

[7] The standard for showing of trade dress infringement under New York law is similar to that of
the Lanham Act. *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 348 F. Supp. 2d 217, 250
(S.D.N.Y. 2004).

at 213-14.  Trade dress may protect the design of an entire product line, but only if the "overall look" in each separate product is consistent.  *PAJ*, 262 F.3d at 116.

A plaintiff seeking to protect its trade dress in the design of a product – or line of products – must specifically "articulate the design elements that compose the trade dress," *i.e.*, the plaintiff must describe the entire product, alleging which aspects create secondary meaning.  *Id.*  The alleged design elements **may not obtain protection** if they are functional, overbroad, describe "generic" product designs – those that refer to a "genus" of products of which the particular product seeking protection is a species – or describe an idea, concept, or a generalized type of appearance.  *See Id.* at 115; *see also Shevy Custom Wigs, Inc. v. Aggie Wigs*, No. 06 Cv. 1657, 2006 U.S. Dist. LEXIS 83495, *14-*17 (E.D.N.Y. Nov. 17, 2006) (dismissing trade dress complaint holding that alleged protected elements of wig line such as "specific lace band" and "layered style" identify ideas or categories too general for protection).

It is critical that a plaintiff may not assert trade dress protection for design elements that comprise a simple or generic shape.  *See Malaco Leaf, AB v. Promotion In Motion, Inc.*, 287 F. Supp. 2d 355, 364-65 (S.D.N.Y. 2003) (trade dress claim in the shape of a fish, specifically for gummy fished-shaped Swedish Fish candy, dismissed as generic and unprotectable); *see also Big Island Candies, Inc. v.  Cookie Corner*, 269 F. Supp. 2d 1236, 1247-48 (D. Haw. 2003) (trade dress claiming rectangular shaped cookies diagonally dipped in chocolate found generic and unprotectable).  Failure to identify the specific elements of a product's protected trade dress – or "specific common elements" in an entire line of products – requires dismissal of a trade dress claim.  *PAJ*, 262 F.3d at 118.

    1.    **The Alleged All-Encompassing Trade Dress Is Merely The Generic And Overbroad Idea Of The Symmetrical Quatrefoil Shape**

VCA's alleged "Alhambra Trade Dress," merely describes the idea of a simple, generic, geometric shape – the symmetrical quatrefoil.  As a matter of law, trade dress protection for a product design does not extend to an idea or generic shape.  *See PAJ*, 262 F.3d at 115-18 (holding that ideas, such as "the artistic combination of cable [jewelry] with other elements," are not protected trade dress); *see also Malaco Leaf,* 287 F. Supp. 2d at 364-65.

In *PAJ*, the plaintiff, well-known jeweler David Yurman Design ("Yurman"), alleged a single generic trade dress – "the artistic combination of cable [jewelry] with other elements" – that it claimed applied to eighteen (18) separate jewelry pieces (eight rings, seven bracelets, and three pairs of earrings) that allegedly formed a single jewelry line – four of which were claimed to be separately copyrightable.  *See PAJ*, 262 F.3d at 117-18.  Examining Yurman's alleged trade dress, the Second Circuit held, "just as copyright law does not protect ideas but only their concrete expression, neither does trade dress law protect an idea, a concept, or a generalized type of appearance."  *Id.* at 115.  The court then rejected Yurman's trade dress claims as an unprotected idea, holding that the alleged trade dress description "failed to identify the specific design elements," in the jewelry pieces entitled to trade dress protection.  *Id.* at 118.

Like Yurman in *PAJ*, VCA impermissibly seeks to unify the at least six distinctly different jewelry designs into the single "Alhambra Trade Dress," – the idea of a symmetrical quatrefoil.  This is nothing more than an attempt at market monopolization.  *Id.* at 115.  Random-House Unabridged Dictionary defines quatrefoil as "a panellike ornament composed of four lobes, divided by cusps, radiating from a common center."  VCA's alleged "Alhambra Trade Dress" in this Complaint simply sets forth symmetrical versions of this public domain, generic-shaped ornament.  VCA's description of the "Alhambra Trade Dress" merely restates the

quatrefoil's dictionary definition with specific inclusion of necessary geometric aspects, such as its inner and outer boundaries.  The Complaint describes the "Alhambra Trade Dress" as:

A quatrefoil shaped ornament (**the definition of a quatrefoil**);

(1)    composed of four identical lobes (**necessary components of a quatrefoil**);

(2)    having semicircular natures (**necessary aspects of a lobe,** *i.e.,* **rounded projection**);

(3)    arranged with top-bottom and left-right symmetry (**the necessary geometric result of a shape having identical lobes around a common center**);

(4)    the outer band (**the shape's outer boundary**);

(5)    having a constant width (**a necessary component of identical lobes**);

(6)    whose outer surface defines the contour of the ornament (**the necessary result of drawing a geometric boundary line**);

(7)    whose inner surface defines the inner portion (**the necessary result having a boundary that defines a geometric shape**);

(8)    having four identical cusps (**inner points of the lobes**) which extend about half way into the ornament  (**necessary components of a quatrefoil which result from geometric aspects of the lobes and their placement around a common center**);

(9)    the inner portion (**the shape's inner boundary**);

(10)    having a quatrefoil shape defined by the inner surface of the outer band (**the necessary result of the drawing a boundary that defines a shape**); and

(11)    which is either hollowed out or made of a single filling material, such as mother of pearl, onyx, lapis, diamonds or metal, and may include a small centered jewel (**a simple and inconsistent list of materials, or lack thereof, that may or may not be placed inside the ornament**).

(Compl. ¶ 28) (parentheticals and emphasis added).

As a matter of law, VCA must allege that its separate product design(s) each encompass more than the idea of a symmetrical quatrefoil and describe more than a generic shape to obtain trade dress protection.  The Complaint's trade dress allegations plainly fail.

   2.    **VCA's At Least Six Various Jewelry Designs At Issue Here, Some Depicted In The Complaint And Some Only On Its Website, Are Different And Inconsistent From Each Other – And Are Described Differently In Other Litigation Before This Court**

VCA's alleged "Alhambra Trade Dress" is inconsistent with its own factual allegations and VCA's representations to this Court in *Landau*.  The overall look and feel of the specific alleged design elements must be consistent in particularized expression throughout an entire product line to obtain trade dress protection.  *PAJ*, 262 F.3d at 116.  VCA's internally inconsistent "Alhambra Trade Dress," must be dismissed as a matter of law.

As discussed, *supra*, the "Alhambra Trade Dress" allegedly comprises at least six distinctly different jewelry designs.  VCA's alleged images of the  "Vintage Alhambra," "Modern Alhambra," and "Alhambra 2000," demonstrate that each jewelry piece and included symmetrical quatrefoil is different from each other.  (Compl. ¶¶ 16, 20, 23.)  Further, the images on VCA's publicly available website demonstrate that the "Lucky Alhambra," "Byzantine Alhambra," and "Magic Alhambra," jewelry designs are different from the images in VCA's Complaint and each other.

VCA's description of the "Alhambra Trade Dress" in this Complaint also is inconsistent with its sworn representations to this Court in *Landau*.  VCA describes the "Alhambra Trade Dress," in *Landau* as a markedly different "combination of artistic elements," including a quatrefoil-shaped charm or pendant laid out in particular spacing along a chain; an outer metal border which has fine, half-spherical beading; larger beads or 'studs' at each of the four corners of the quatrefoil; and inclusion of in-laid material, such as onyx or mother-of-pearl.  VCA's Complaint and supporting papers in *Landau* properly disavow protection for the generic quatrefoil shape and distinguish other quatrefoil jewelry as lacking the distinctive beading and corner beads required by the "Alhambra Trade Dress."  These sworn admissions directly

14

contradict VCA's allegations in this Complaint – where the "Alhambra Trade Dress" now is described as the generic quatrefoil shape VCA previously disavowed – and underscore its generic and impermissible scope. *See PAJ*, 262 F.3d at 117 ("a plaintiff's inability to explain to a court exactly which aspects of its product design(s) merit protection may indicate that its claim is pitched at an improper level of generality, *i.e.*, the claimant seeks protection for an unprotectible style, theme or idea").

VCA likely will argue that any inconsistencies within its factual allegations – or with its representations in the *Landau* case – is supported by the *Cartier* case – prosecuted by VCA's counsel here – which held that a group of several watches with the same basic design, but with minor variations in strap, size, bracelet, dials, metals used or diamond settings may be protected as a product line by a single trade dress. *See Cartier v. Four Star Jewelry Creations, Inc.*, 348 F. Supp. 2d 217, 222 (S.D.N.Y. 2004). *Cartier*, however, compels the opposite result, dismissal of VCA's claims as a matter of law.

In *Cartier*, the plaintiff pled - unlike here - highly detailed allegations characterizing the entire product design for four individual watch lines and all common elements within the line, including the "Tank Francaise" and "Tank Americaine" which were characterized as individual product lines in a larger group of "Tank-style" watches each requiring its own separate trade dress due to differences among several characteristic elements. *See id.* at 222-24. The *Cartier* court's holding accords with *PAJ* because the plaintiff limited the alleged trade dress to a single product line of watches specifically characterizing the entire design in minute details, including separate trade dress allegations for distinct members of a larger watch style. *See PAJ,* 262 F.3d at 117-18 (rejecting plaintiff's attempt to combine eighteen (18) separate jewelry pieces into a single product line with one trade dress); *see also Yurman Design, Inc. v. Golden Treasure Imps.,*

*Inc.*, 275 F. Supp. 2d 506, 512 (S.D.N.Y. 2003) ("*Golden Treasure*") (denying summary judgment based on *PAJ* holding that plaintiff's specific description of multiple jewelry elements that characterize each of twenty-four (24) alleged products, such as "[The] pendant design ... and earring design ... have a solitary white pearl set in yellow gold that hangs from a sterling silver bale that is sculpted to look like cable," cured deficiencies of *PAJ*).

VCA has admitted in *Landau* that the "Alhambra Trade Dress" is composed of "several lines of jewelry". Yet – despite the controlling authority of *PAJ* and guidance of *Golden Treasure* and *Cartier* – the "Alhambra Trade Dress" alleged in this Complaint impermissibly attempts to unify at least six (6) – and possibly more – products or product lines into one generic trade dress that does not properly plead the design of any single VCA product, such as a necklace or bracelet – let alone an entire line of necklaces or bracelets. This compels dismissal of VCA's trade dress counts as a matter of law.

### 3.   The Alleged All-Encompassing Trade Dress Is Not Specific To Its Product Design

VCA's description of the "Alhambra Trade Dress" is not specific to the design of its products or product lines. Like copyright, trade dress protection only extends to the particular expression present in a product's design. *See PAJ*, 262 F.3d at 116. Limiting protection to the product's particular expression is particularly acute in the product design context because, "[w]hile most trademarks only create a monopoly in a word, a phrase, or a symbol, 'granting trade dress protection to an ordinary product design would create a monopoly in the goods themselves.'" *Id.* at 115 (citation omitted).

A Plaintiff must allege more characteristics of its product design than merely one element to qualify for trade dress protection. *See Golden Treasure*, 275 F. Supp. 2d at 512; *see also Cartier*, 348 F. Supp. 2d at 222-24. Without specification of the exact product design features

that compose a trade dress, "different jurors viewing the same line of products may conceive the trade dress in terms of different elements and features," so any verdict may be based on inconsistent findings.  *PAJ*, 262 F.3d at 117.  Inability to explain what product design aspects merit protection indicates that a plaintiff's claim "is pitched at an improper level of generality, *i.e.*, [the plaintiff] seeks protection for an unprotectible style, theme or idea."  *Id.*  This specificity is necessary to inform competitors of the scope of the plaintiff's claims and for courts to shape the narrowly-tailored relief required of a trade dress claim, which the law limits to the distinctive combination of elements that are entitled to protection.  *Id.*

VCA's alleged "Alhambra Trade Dress" describes a single generic design element – the symmetrical quatrefoil – without specifying any particular expression of that generic design element or that VCA's jewelry designs necessarily include a specific expressed quatrefoil or any other elements.  This sole allegation characterizes VCA's products in no greater specificity than the impermissible trade dress soundly rejected by the Second Circuit in *PAJ*.  VCA must as a matter of law appropriately describe its alleged trade dress(es) such that the entire product design(s), whether it be a necklace, bracelet, earring or other jewelry piece, can be identified and evaluated for protectability and infringement by both this Court and Mouawad.

VCA may not claim trade dress greater in scope than the particular expression contained in the allegedly infringed separate "Alhambra" jewelry designs, and must allege all the characteristic design elements that define each separate product and/or product line.  Because VCA's Complaint alleges neither the relationship(s) of its claimed infringed products to the "Alhambra Trade Dress," the particular expression(s) of the symmetrical quatrefoil for which VCA seeks protection, or the entirety of their protectable design elements, VCA's trade dress claims must be dismissed as a matter of law.

4.    **VCA's Alleged Trade Dress Prevents Orderly Discovery And Motion Practice In This Case**

VCA's overbroad and generic allegations in this Complaint setting forth the "Alhambra Trade Dress" of necessity prejudice Mouawad's defense of VCA's trade dress claims.  As discussed, *supra*, VCA's "Alhalmbra Trade Dress" lacks the required specificity necessary to provide the **appropriate scope** for orderly discovery of - and case dispositive motion practice for - this case.  Moreover, the Complaint's failure to specifically articulate the "Alhambra Trade Dress" wholly prevents this Court from evaluating and, if appropriate, fashioning an appropriate scope of relief.  *See PAJ*, 262 F.3d at 117 ("courts will…be unable to shape narrowly-tailored relief if they do not know what distinctive combination of ingredients deserves protection") (internal quotation omitted).  The *PAJ* decision aptly analyzed that "if a court is unable to identify what types of designs will infringe a trade dress, how is a competitor in the jewelry business to know what *new* designs would be subject to challenge", and that "competition is deterred…not merely by successful suit but by the plausible threat of a successful suit."  *Id*. (emphasis added).

B.    <u>**The Complaint Fails To Properly Plead The Elements Of Copyright Infringement**</u>

VCA's Complaint does not properly allege that its three claimed copyrights for "Vintage Alhambra Jewelry Design," "Alhambra 2000 Jewelry Design" and "Modern Alhambra Jewelry Design" are valid; nor does it properly identify its specific works allegedly infringed, a single jewelry design from the Heidi Klum Collection alleged to be infringing, or the acts and time period in which the works were infringed.  "To prevail on a claim of copyright infringement, the plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant."  *PAJ*, 262 F.3d at 108-09.  To establish a claim of copyright infringement, a plaintiff must show both that it owns a valid copyright and that original elements

of the work were copied. *See Knitwaves v. Lollytogs Ltd.,* 71 F.3d 996, 1002 (2d Cir. 1995).

Specifically, under Rule 8(a), a properly-pled claim for copyright infringement must set forth (1)

the specific works allegedly infringed upon; (2) plaintiff's ownership of those works; (3)

plaintiff's registration of those works; and (4) the acts and time period in which the works were

infringed upon. *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (holding that

plaintiff's general allegations that the "songs were reproduced" is insufficient to state a claim),

*aff'd*, 23 F.3d 398 (2d Cir. 1994); *Sun Micro Med. Techs. Crop. v. Passporte Health Comm's,*

*Inc.*, No. 06 Civ. 2083, 2006 U.S. Dist. LEXIS 87772, *36-*37 (S.D.N.Y. Dec. 4, 2006)

(dismissing complaint, *inter alia*, for lack of specificity on copyright claim).

### 1. The Complaint Fails To Allege A Valid Copyright For "Vintage Alhambra"

The Complaint's mere conclusory allegation that the "Vintage Alhambra Jewelry

Design" is "validly protected by copyright," (Compl. ¶ 17), is insufficient to state a claim for

infringement of the work as a matter of law.[8]  VCA fails to allege that published copies of the

"Vintage Alhambra Jewelry Design," included the required copyright notice or that its

registration protects the jewelry item alleged infringed in the Complaint.

The Complaint alleges that the "Vintage Alhambra Jewelry Design" was published in

1968 and registered with the Copyright Office more than five years after, on January 7, 1976.

(Compl. ¶ 18.)  Under the Copyright Act, any copyright registration certificate obtained more

than five (5) years after first publication is not entitled to a presumption of validity. *See* 17

---

[8] The originality and validity of this copyright registration is currently at issue before this Court in other consolidated copyright infringement cases filed by VCA.  *See*, *Landau*, No. 07-CV-564 (SAS), [Dkt. #19], Defs' Mem. of Law in Support of Their Mot. for Summary Judgment at 3-5, 6-13 (discussing lack of originality of "Vintage Alhambra Jewelry Design," and VCA's failure to comply with statutory formalities); *see also* [Dkt # 48], Defendants' Reply Mem. of Law in Support of Their Mot. for Summary Judgment at 3-8 (same).

U.S.C. 410(c); *Golden Treasure*, 275 F. Supp. 2d at 514.  Thus, the Complaint must set forth

these specific additional facts sufficient to plead registration validity.

The "Vintage Alhambra Jewelry Design" was published prior to 1978 – when the current

Copyright Act became effective – and thus, the work was required to include a copyright notice

when published to maintain a valid copyright.  *See Martha Graham Sch. & Dance Found., Inc. v.*

*Martha Graham Ctr. of Contemporary Dance, Inc.*, 380 F.3d 624, 632-33 (2d Cir. 2004) (works

published prior to January 1, 1978 governed by Copyright Act of 1909 which required works to

contain adequate statutory notice at time of first publication to prevent forfeiture to public

domain).  VCA fails to allege that the first published copy – or any subsequent copies – included

the required copyright notice necessary to obtain a valid copyright.

Moreover, the Complaint alleges that the work registered as the "Vintage Alhambra

Jewelry Design" – and infringed by Mouawad – is shown in Paragraph 16 as an unspecified

three-strand jewelry item.  This is inconsistent with the registration documentation, which

contains an image of the work that appears to be a single-strand necklace.  (*See Landau*, Compl.,

Ex. 1 at 3, "4V258.")[9]  It is axiomatic that a copyright registration only protects the work

physically registered, or an insubstantially different derivative not copyrightable by itself.  *See*

*Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 210 F. Supp. 2d 147, 157-58 (E.D.N.Y. 2002),

*aff'd* 354 F.3d 112, 116 (2d Cir. 2003).  Notably different from the necklace pictured in VCA's

copyright deposit, VCA makes no allegation that the allegedly infringed three-strand jewelry has

been separately registered with the Copyright Office or is protected under the "Vintage

Alhambra Jewelry Design," registration as an insubstantial derivative – and accordingly, may

form the basis for a copyright infringement lawsuit.  *See Well-Made*, 354 F.3d at 115 (2d Cir.

_____

[9] A copy of VCA's Exhibit 1 has never been served on Mouawad USA, but the Docket indicates
was filed with the Clerk of Court on March 21, 2008 without leave or notice to Mouawad USA.

2003) (holding that copyright infringement claim may not be brought without registration and that "registration of a claim on an original work does not create subject matter jurisdiction with respect to a suit for infringement of the original's unregistered derivative").  Because the Complaint fails to allege that published copies of the "Vintage Alhambra Jewelry Design," complied with the Copyright Act's notice requirements or protects the jewelry item shown in Paragraph 16, it does not as a matter of law state a claim on which relief can be granted.

> **2.    The Complaint Fails To Allege A Valid Copyright For "Alhambra 2000"**

The Complaint generally alleges that VCA's application to register the "Alhambra 2000 Jewelry Design" with the Copyright Office was refused. (Compl. ¶ 22.)  *See Paul Morrell Design, Inc. v. Tiffany & Co.*, 200 F. Supp. 2d 482, 485 (E.D. Pa. 2002) (Copyright Office's decision that a work is not eligible for registration or entitled to a valid copyright is given "some deference" in litigation).  Because VCA does not attach a copy of the refused application or the Copyright Office's refusal, VCA's claim for infringement of the work fails as a matter of law. *SeeConan Properties, Inc. v. Mattel, Inc.*, 601 F. Supp. 1179, 1182 (S.D.N.Y. 1984) (dimissing plaintiff's claims for alleged copyright infringement for failure to attach registration or refused application to complaint);  *see also Tooker v. Copley*, 06 Civ. 6210, 1987 U.S. Dist. LEXIS 14910, *4-*5 (S.D.N.Y. Mar. 24, 1987) (dismissing plaintiff's complaint and denying motion for leave to file proposed amended complaint for failure to comply fully with 17 U.S.C. § 411(a) and attach registration documents for registered copyrights and registration applications for refused copyright applications).

VCA cannot dispute that the Copyright Office's determination was that the "Alhambra 2000 Jewelry Design," is not entitled to a valid copyright requiring VCA to pursue its infringement claims under the refusal requirements of 17 U.S.C. § 411(a).  VCA alleges 17

U.S.C. § 411 entitles it to initiate an action for copyright infringement of the jewelry article depicted in Paragraph 20, "because 'the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused'" and notice of this case and VCA's Complaint are being served on the Copyright Office.  (Compl. ¶¶ 20-22.)  While 17 U.S.C. § 411(a) provides that a copyright infringement suit may be initiated after a proper copyright application has been refused and registration fee paid, here neither the application nor refusal are attached as exhibits to the Complaint.  VCA's failure to attach these documents defeats the notice requirements of 17 U.S.C. § 411(a) which allow the Register of Copyrights to intervene in the case to support his or her decision on registrability – since even with notice and the Complaint, the Copyright Office is unable to evaluate the basis for its refusal without some reference to the registration application or refusal in its files.  *See Tooker*, 1987 U.S. Dist. LEXIS 14910 at *4-*5 (emphasizing importance of notice and registration requirements of 17 U.S.C. § 411(a) and requiring attachment of registration documents).  The Complaint's bare allegation does not plead copyright validity or the existence of the application and refusal – or that such application was for the jewelry item depicted in Paragraph 20. Because the Complaint fails to allege that the "Alhambra 2000 Jewelry Design" was the subject of a properly submitted and refused copyright registration application, it does not state a claim on which relief can be granted.

### 3. The Complaint Fails To Allege A Valid Copyright For "Modern Alhambra"

VCA alleges that it may maintain an action for copyright infringement without registration of the "Modern Alhambra Jewelry Design" because it "was first offered for sale outside the United States, and its respective designers were not all U.S. nationals."  (Compl. ¶25.)  These allegations, however, are not sufficient to plead that the work is entitled to

protection under the Copyright Act as either a "United States Work" or foreign copyright. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.,* 153 F.3d 82, 89 (2d Cir. 1998) (under the Copyright Act and Berne Convention a claim for infringement of a foreign copyright requires a plaintiff plead that the work is protected by copyright in the United States or the country where it originated); *see also Sadu Singh Hamdad Trust v. Ajit Newspaper Advertising, Marketing and Comms., Inc.*, 503 F. Supp. 2d 577, 584-85 (S.D.N.Y. 2007) (plaintiff must allege ownership of valid copyright under foreign law to claim infringement of foreign copyright). The Copyright Act defines a "United States Work," as a work first **published**:

> (A) in the United States;
>
> (B) simultaneously in the United States and another treaty party or parties, whose law grants a term of copyright protection that is the same as or longer than the term provided in the United States;
>
> (C) simultaneously in the United States and a foreign nation that is not a treaty party; or
>
> (D) in a foreign nation that is not a treaty party, and all of the authors of the work are nationals, domiciliaries, or habitual residents of, or in the case of an audiovisual work legal entities with headquarters in, the United States.

17 U.S.C. § 101. The Copyright Act protects a foreign work of jewelry if:

> (1) on the date of first publication, one or more of the authors is a national or domiciliary of the **United States**, or is a national, domiciliary, or sovereign authority of a **treaty party**, or is a stateless person, wherever that person may be domiciled; or
>
> (2) the work is first published in the United States or in a foreign nation that, on the date of first publication, **is a treaty party**…

17 U.S.C. § 104 (emphasis added).

VCA's Complaint contains no allegation that the "Modern Alhambra Jewelry Design," is protected under the copyright laws of another country. VCA merely alleges first sale outside the United States (Compl. ¶ 25), but tellingly does not include the necessary allegations to obtain

protection of the work as a United States or foreign work under the Copyright Act. Here, VCA pleads no allegations regarding the location and timing of first publication – which need not occur through sale – inside the United States or in a treaty party, or the national origin of all the work's creators. VCA therefore has not properly pled that the "Modern Alhambra Jewelry Design" is protected under the Copyright Act or that it can serve as the basis for a copyright infringement action in this or any District or Circuit in the United States.

        **4.**      **The Complaint Does Not Properly Plead The Works Infringed, The Time Period Of Infringement, Or The Infringing Works**

Here, VCA never specifically identifies the works allegedly infringed. The Complaint fails to plead what works are protected by its claimed copyrights in the "Vintage Alhambra Jewelry Design," and "Alhambra 2000 Jewelry Design," or which specific works have been infringed. Similarly, while VCA conclusory alleges protection for the "Modern Alhambra Jewelry Design," it identifies only a "design collection" of four jewelry pieces without specifying which work is the claimed protected jewelry design. (Compl. ¶ 23.) These vague and disingenuous allegations do not specify the copyrighted works allegedly infringed by jewelry pieces of the Heidi Klum Collection – let alone identify any specific protected elements in those works. Moreover, the Complaint does not identify any specific allegedly infringing jewelry pieces of the Heidi Klum Collection. To the contrary, the Complaint alleges only a single, conclusory allegation of infringement of its three claimed copyrights (Compl. ¶ 35). In short, VCA's formulaic and sketchy recitation of the elements fails to state a legally-cognizable claim for copyright infringement – and its deliberate obfuscation of the identity of both the specific works infringed and infringing leaves Mouawad to speculate as to which jewelry pieces are at issue and prejudices its ability to conduct appropriate discovery and to file its case-dispositive motion(s).

24

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Mouawad USA, Inc., respectfully requests that this Court enter an Order:

a.     Dismissing VCA's Complaint in its entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

b.     Granting Mouawad its attorneys' and fees and costs pursuant to 17 U.S.C. § 505; and

c.     For such other relief this Court deems just and proper.

Dated:  March 31, 2008                          Respectfully submitted,


                                                s/John T. Williams_____


                                                GREGORY T. CASAMENTO (GC-5273)
                                                LOCKE LORD BISSELL & LIDDELL LLP
                                                885 Third Avenue
                                                New York, NY  10119
                                                (212) 947-4700
                                                (21) 947-1202 (fax)
                                                gcasamento@lockelord.com

                                                JOHN T. WILLIAMS (JW-9928)
                                                LOCKE LORD BISSELL & LIDDELL LLP
                                                111 S. Wacker Drive
                                                Chicago, IL 60606
                                                (312) 443-0371
                                                (312) 896-6371 (FAX)
                                                jwilliams@lockelord.com

                                                *Attorneys for Defendant*
                                                *Mouawad USA, Inc.*

### CERTIFICATE OF SERVICE

I, John T. Williams, hereby certify that on this 31st day of March, 2008, a copy of the foregoing

**MEMORANDUM IN SUPPORT OF DEFENDANT MOUAWAD USA, INC.'S MOTION**

**TO DISMISS THE COMPLAINT** was filed electronically.  Notice of this filing will be sent to

all parties by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.



                                        _s/John T. Williams_____


1472469v1