171087.4

Milton Springut (MS6571)
David A. Kalow (DK0712)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

VAN CLEEF & ARPELS, S.A., and        :
VAN CLEEF & ARPELS, INC.             :        Civil Action
                                     :
                                     :
        Plaintiffs,                  :        No. 07 Civ. 11476 (SAS)
                                     :
        v.                           :        **AMENDED COMPLAINT**
                                     :
HEIDI KLUM GmbH and                  :
MOUAWAD USA, INC.,                   :        ECF CASE
                                     :
        Defendants.                  :

-----------------------------------------------------------x

   

**EXEMPLARY PLAINTIFFS' JEWELRY PIECES**

   

**EXEMPLARY DEFENDANTS' JEWELRY PIECES**

In accordance with Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs, complaining of Defendants, through their undersigned counsel, hereby amend their Complaint and allege as follows:

### NATURE OF THE CASE

1.     This is an action for trademark infringement predicated on the sale of jewelry items bearing copies of Plaintiffs' proprietary jewelry designs.  Plaintiffs represent the interests of the jewelry house Van Cleef & Arpels – famous for over a century for its designs and quality. For nearly forty years, Van Cleef & Arpels has marketed the Alhambra collection of jewelry, which has become world renowned for its distinctive well-recognized quatrefoil design.

2.     As shown above, Defendants have appropriated Plaintiffs' quatrefoil design, incorporating it into their jewelry line and attempting to appropriate Van Cleef & Arpels' built up goodwill to create their own "symbol."  Such use of the Van Cleef & Arpels design has created great confusion in the marketplace wherein Defendants' products are frequently confused with or believed to originate from Van Cleef & Arpels.

3.     As an example, at the September 2007 Emmy Awards ceremonies, Heidi Klum, a famous model and principal of one the Defendants, was interviewed wearing, among other things, a set of earrings incorporating what appeared to be a quatrefoil design.  During a television interview, a reporter asked Ms. Klum, "Are those Van Cleef earrings you are wearing?"  Sheepishly, she responded, "No, these are my own design."

4.     Similarly, a recent *New York Times* article about the Alhambra jewelry collection entitled "Coming Up Clover" observed that "[k]nockoffs [of the Alhambra design] are rampant" and that "Heidi Klum appropriated the clover design for the jewelry she designs for Mouawad . . ."

5.      Given the confusion in the marketplace caused by defendants' misappropriation of the distinctive Alhambra look, Van Cleef & Arpels brings this action to put a stop to such infringements of its rights.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the claims in this action arising under the Trademark Act pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      This Court has subject matter jurisdiction over the claims in this action arising under State law pursuant to 28 U.S.C. §§ 1367 and 1338.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

9.      Plaintiff Van Cleef & Arpels, S.A,. is a corporation organized and existing under the laws of Switzerland, having an office and place of business at 8 Route de Chandolan, 1752 Villars-sur-Glane, Switzerland.

10.      Plaintiff Van Cleef & Arpels, Inc. is a corporation organized and existing under the laws of the State of New York, having an office and place of business at 12 West 57th Street, New York, NY 10015.  Van Cleef & Arpels, Inc. is a licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the sale of such products at retail in the United States.

11.      Van Cleef & Arpels, S.A.  is the owner of the trademark/trade dress rights asserted herein, which it authorizes its co-defendant Van Cleef & Arpels, Inc. to use in commerce.   For the purposes of this Complaint, except where specified, the interests of

Plaintiffs Van Cleef & Arpels, S.A. and Van Cleef & Arpels, Inc. are as a practical matter identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or "VCA."

12.     Defendant Heidi Klum GmbH, upon information and belief, is a corporation organized under the laws of Germany, having an office and place of business at Postfach 200584, 51435 Bergisch Gladbach, Germany (hereinafter "HKG"). Defendant HKG is transacting and doing business in this judicial district or is otherwise subject to the personal jurisdiction of this Court.

13.     Defendant Mouawad USA, Inc. is a corporation organized under the laws of the State of California, having an office and place of business at 2029 Century Park East, Suite 2880, Los Angeles, CA 90067 ("Mouawad") Defendant Mouawad is transacting and doing business in this judicial district or is otherwise subject to the personal jurisdiction of this Court.

14.     All of the defendants named hereinabove are collectively referenced herein as "Defendants."

## FACTS COMMON TO ALL COUNTS

### The Van Cleef & Arpels Brand and Business

15.     The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place Vendome in Paris. Plaintiffs and their affiliates and predecessors in interest are famous for the production of fine luxury jewelry and watches, innovation in jewelry and watch styles and designs, and introduction of new and important jewelry technologies, including the introduction of a patented invisible-setting technique in the 1930s. For many years, and long since before the acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale

4

in interstate and intrastate commerce of high quality luxury jewelry, watches and related goods

(the "VCA Products").

**The ALHAMBRA Quatrefoil Design Symbol**

16.     Beginning in or about 1968, VCA has marketed and promoted a distinctive line of

jewelry now known by the name ALHAMBRA.  The first variation of such jewelry was

introduced in 1968 and is now known as the Vintage Alhambra.     In subsequent years, VCA has

created, marketed and promoted new jewelry variations that incorporate the same distinctive

look.  The family members of the Alhambra collection have included the Alhambra 2000, the

Modern Alhambra, the Lucky Alhambra, the Byzantine Alhambra and the Magic Alhambra.  All

of these jewelry designs are collectively referenced herein as the "VAN CLEEF ALHAMBRA

Jewelry Designs."

17.     All of the various pieces in the Alhambra collection have one dominant, common

feature: a symmetrical quatrefoil shaped ornament as a major part of the piece.    More

specifically, the quatrefoil shaped ornament comprises:

       1.     four identical lobes;

       2.     each lobe having a semicircular shape;

       3.     the lobes having both left-right and top-bottom symmetry;

       4.     an outer band;

       5.     having a constant width;

       6.     the outer surface of the band defining the contour of the ornament;

       7.     the inner surface of the band defining an inner or central portion;

       8.     having four identical cusps (inner points of the lobes) which extend about half way into the ornament;

       9.     the inner portion;

10.    having a quatrefoil shape defined by the inner surface of the outer band; and

11.    which has a differing center, *i.e.,* one that is either hollowed out or made of a single filling material, such as mother of pearl, onyx, lapis, diamonds or metal, and may include a small centered jewel.

These eleven elements define a subset of the shape known as a "quatrefoil" – not all quatrefoils or quatrefoil shaped jewelry fit into this unique definition.

18.    The quatrefoil shaped ornament as defined hereinabove functions and is perceived by the public as a symbol of source of both VCA and the jewelry of the Alhambra collection, and is hereinafter referenced as the ALHAMBRA QUATREFOIL DESIGN SYMBOL.

19.    Through extensive advertising and promotion of the entire Alhambra collection and the various Alhambra family members, the ALHAMBRA QUATREFOIL DESIGN SYMBOL has come to be associated with VCA as the single source.  The public has come to recognize the ALHAMBRA QUATREFOIL DESIGN SYMBOL as distinctive of this collection of VCA jewelry and as an indication of source thereof.

20.    The ALHAMBRA QUATREFOIL DESIGN SYMBOL is not "functional" as that term is used in trademark law, including specifically 15 U.S.C. § 1125(a)(3).

21.    The ALHAMBRA QUATREFOIL DESIGN SYMBOL  is protectible as a "word, name, symbol or device" under Sections 43 and 45 of the Trademark Act, 15 U.S.C. §§ 1125 and 1127, both by virtue of the fact of being inherently distinctive and having acquired secondary meaning as set forth above.

22.    Such protection of the ALHAMBRA QUATREFOIL DESIGN SYMBOL can be understood as legally cognizable in at least one of three ways:

a.   as an unregistered protected product design trade dress, with the
ALHAMBRA QUATREFOIL DESIGN SYMBOL denoting the elements
of the trade dress common to all the members of the Alhambra collection,
with such trade dress being protectible because it has achieved secondary
meaning and is non-functional;

b.   as an unregistered design trademark, with the ALHAMBRA
QUATREFOIL DESIGN SYMBOL being protectible both by reason of
its being inherently distinctive and having achieved secondary meaning;
and

c.   as the common element of a "family of trade dresses," such that each
family member of the Alhambra collection is viewed as a distinctive trade
dress, and the ALHAMBRA QUATREFOIL DESIGN SYMBOL is the
common family element, representative of the entire family, and against
which infringement is judged.

The ALHAMBRA QUATREFOIL DESIGN SYMBOL is protectible under any and all of these
legal theories, including as a "word, name, symbol or device" under Sections 43 and 45 of the
Trademark Act, 15 U.S.C. §§ 1125 and 1127.

**<u>Defendants' Infringing Activities</u>**

23.   Defendants have created, designed, manufactured, sold, offered for sale and/or
distributed products embodying the ALHAMBRA QUATREFOIL DESIGN SYMBOL.

24.   On information and belief, such activities were done willfully and knowingly,
knowing that such products are confusingly similar to the ALHAMBRA QUATREFOIL
DESIGN SYMBOL and VCA's products embodying same.

25.     No Defendant in this action has sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein.

## COUNT I

## TRADEMARK/TRADE DRESS INFRINGEMENT
## 15 U.S.C. § 1125(a)

26.     VCA repeats and incorporates herein by reference each of the foregoing allegations.

27.     As set forth above, VCA has a protectible interest in the ALHAMBRA QUATREFOIL DESIGN SYMBOL as a symbol of source of its jewelry products.

28.     Defendants have reproduced, copied and imitated the ALHAMBRA QUATREFOIL DESIGN SYMBOL in designing certain of their jewelry in a manner that is confusingly similar to the distinctive ALHAMBRA QUATREFOIL DESIGN SYMBOL of VCA.

29.     Defendants' adoption and use of the ALHAMBRA QUATREFOIL DESIGN SYMBOL or a colorable imitation thereof constitutes infringement of the ALHAMBRA QUATREFOIL DESIGN SYMBOL, either as trade dress infringement, trademark infringement or infringement of a family of trade dress, and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

30.     The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA QUATREFOIL DESIGN SYMBOL and the goodwill associated therewith.

31.     Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

32.     Defendants' infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

## COUNT II

### COMMON LAW TRADEMARK/TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

33.     VCA repeats and incorporates herein by reference each of the foregoing allegations.

34.     Defendants have reproduced, copied and imitated the ALHAMBRA QUATREFOIL DESIGN SYMBOL in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

35.     Defendants' actions constitute common law trade dress infringement and unfair competition.

36.     The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA QUATREFOIL DESIGN SYMBOL and the goodwill associated with them.

37.     Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

9

38. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

**WHEREFORE**, Plaintiffs demand:

1. That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

      (a) From using in any manner the ALHAMBRA QUATREFOIL DESIGN SYMBOL, or any colorable imitation thereof, whether alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by VCA, or not authorized by VCA to be sold in connection with their respective said marks;

      (b) From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by VCA;

      (c) From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs that are not in fact genuine VCA goods, or not produced under the control and supervision of VCA and approved by VCA; and

      (d) From otherwise competing unfairly with Plaintiffs in any manner.

2.     That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the ALHAMBRA QUATREFOIL DESIGN SYMBOL, whether alone or in combination with any words or designs.

3.     That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the ALHAMBRA QUATREFOIL DESIGN SYMBOL, whether alone or in combination with any words or designs.

4.     That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

5.     That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

6.     That Plaintiffs be awarded punitive damages.

7.     That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

8.     That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

9.    That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated:  April 10, 2008                    By:_____

                                          Milton Springut, Esq.
                                          David A. Kalow, Esq.
                                          Tal S. Benschar, Esq.
                                          KALOW & SPRINGUT LLP
                                          488 Madison Avenue
                                          New York, New York 10022
                                          (212) 813-1600

                                          *Attorneys for Plaintiffs*
                                          *Van Cleef & Arpels, S.A.; Van Cleef &*
                                          *Arpels, Inc. and Van Cleef & Arpels*
                                          *Distribution, Inc.*

<u>CERTIFICATE OF SERVICE</u>

**SABRINA BORGIA** declares that:

1.      I am an assistant employed by KALOW & SPRINGUT LLP attorneys for

Plaintiffs in the captioned proceeding, and that on the execution date which appears below, I

caused to be served via the method indicated the annexed **AMENDED COMPLAINT** on the

following addressees:

**VIA HAND DELIVERY**
Gregory Casamento, Esq.
LOCKE LORD BISSELL
   & LIDDELL LLP
885 Third Avenue
New York, New York 10119
*Local Counsel for Mouawad USA, Inc.*

**VIA FEDERAL EXPRESS**
John T. Williams, Esq.
LOCKE LORD BISSELL
   & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
*Counsel for Defendant Mouawad USA, Inc.*

2.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the

foregoing is true and correct.

Executed on April 10, 2008
New York, New York

By: _____
         Sabrina Borgia

13