171000.2

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

*Attorneys for Plaintiffs*

JOHN T. WILLIAMS (JTW-9928)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
(312) 443-0371
(312) 896-6371 (fax)

GREGORY T. CASAMENTO (GTC-5273)
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue
New York, NY 10119
(212) 947-4700
(212) 947-1202 (fax)

*Attorneys for Defendant*
*Mouawad USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VAN CLEEF & ARPELS, S.A.,                        :
VAN CLEEF & ARPELS, INC. and                     :   Civil Action
VAN CLEEF & ARPELS DISTRIBUTION, INC.,           :
                                                 :
                Plaintiffs,                      :   No. 07 Civ. 11476 (SAS)
                                                 :
v.                                               :
                                                 :
HEIDI KLUM GmbH and                              :
MOUAWAD USA, INC.,                               :
                                                 :
                Defendants.                      :
------------------------------------------------------------x

[proposed] SCHEDULING ORDER

WHEREAS, on February 4, 2008, the Court having issued an Order for a Conference, in accordance with Rule 16(b), Fed.R.Civ.P. (the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

1) <u>the date of the conference and the appearances for the parties;</u>

April 14, 2008.

Milton Springut, Esq.
David A. Kalow, Esq.
Tal S. Benschar, Esq.
KALOW & SPRINGUT LLP
488 Madison Avenue, 19 Fl.
New York, NY 10022
*Counsel for Plaintiffs*

John T. Williams, Esq.
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
*Counsel for Defendant Mouawad USA, Inc.*

2) <u>a concise statement of the issues as they then appear;</u>

<u>Plaintiffs' Statement:</u>

- Validity of claimed trademark/trade dress, including secondary meaning and non-functionality

- Likelihood of confusion created by Defendants' sale of similar jewelry items

- Amount of profits and damages; form of injunctive relief and other remedies.

<u>Defendant Mouawad USA, Inc.'s Statement</u>

Issues concerning Plaintiffs' trade dress allegations include (A) the validity and protectability of Plaintiffs' alleged Alhambra quatrefoil trade dress, and its relationship to the Alhambra trade dress alleged by Plaintiff in the *Landau* consolidated cases (No. 07-

2

CV-564 (SAS)); (B) the number and protectable scope of Alhambra trade dress(es) at issue; (C) the distinctiveness/secondary meaning of Plaintiffs' alleged Alhambra trade dress(es) and the Heidi Klum Collection; (D) the likelihood of confusion, if any, between Plaintiffs' alleged Alhambra trade dress(es) and the Heidi Klum Collection; (E) laches/equitable estoppel given that the Heidi Klum Collection launched in April 2003; (F) statute of limitations; and (G) actual damages and/or profits attributable to the alleged infringement.

Issues concerning Plaintiffs' copyright allegations include (A) the validity and ownership of Plaintiffs' alleged copyrights; (B) the scope of Plaintiffs' alleged copyrights; (C) the substantial similarity, if any, after filtering non-protected elements - including public domain - between specified jewelry pieces of Plaintiff and specified jewelry pieces of the Heidi Klum Collection; (D) laches/equitable estoppel given that the Heidi Klum Collection launched in April 2003; (E) statute of limitations; (F) the independent creation of the Heidi Klum Collection; and (G) actual damages and/or profits attributable to the alleged infringement.

3) a schedule including:

(a) the names of persons to be deposed and a schedule of planned depositions;

By Plaintiffs:

- Persons involved in the design, marketing and promotion of Defendants' Accused Jewelry Items – by November 30, 2008

By Defendant Mouawad USA, Inc.

Mouawad USA, Inc. currently anticipates obtaining the depositions of Plaintiffs' representatives with knowledge of the creation, ownership, design, advertising, marketing, promotion, sales, revenue, and profit of the different Alhambra jewelry lines, as well as certain witnesses identified by Plaintiff in the *Landau* consolidated cases - by November 30, 2008.

(b) a schedule for production of documents;

Rule 26(a)(1) Initial Disclosures by May 30, 2008

*[handwritten: June 16 1st Req for Docs / July 16 Response]*

(c) dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

For Plaintiffs:

Expert Reports – by December 1, 2008
Expert Depositions – by January 15, 2009

For Defendant Mouawad USA, Inc.

Expert reports by February ~~15~~ Jan 1, 2009
Expert depositions by March ~~13~~ Feb 15, 2009

(d) time when discovery is to be completed;

~~March 13, 2009~~ Feb 15

(e) the date by which plaintiff will supply its pre-trial order matters to defendants:

~~March 16, 2009~~ Feb. 15

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed jury instructions, for a jury trial; and

~~April 6, 2009~~ March 6

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filed in by the Court at the conference.

Dec. 10 at 4:30

4) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

The Parties contemplate entry of a protective order.

5) a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

None at this time.

6) anticipated fields of expert testimony, if any;

For Plaintiffs:
Plaintiffs anticipate that the case will involve expert testimony regarding a consumer survey or surveys, as well as the fields of jewelry design and marketing and public recognition of jewelry designs.

For Defendant Mouawad USA, Inc.
Mouawad USA, Inc. currently anticipates that the case will involve expert testimony in the fields of jewelry design, public domain, consumer recognition/confusion and alleged damages.

7)   anticipated length of trial and whether to court or jury;

4-5 days to the Court; 7-8 days to the jury.

**8)   This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable a the time of the conference or when justice so requires;**

9)   names, addresses, phone numbers and signatures of counsel;

                                                KALOW & SPRINGUT, LLP
488 Madison Avenue, 19 Fl.
New York, NY 10022
Phone: (212) 813-1600
Fax: (212) 813-9600
*Counsel for Plaintiffs*

Dated: April 14, 2008          By: ___Milton Springut___
Milton Springut, Esq.
David A. Kalow, Esq.
Tal S. Benschar, Esq.

John T. Williams, Esq.
LOCKE LORD BISSELL
  & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Phone:(312) 443-0371
Fax: (312) 896-6371

LOCKE LORD BISSELL
  & LIDDELL LLP
885 Third Avenue
New York, New York 10119
Phone: (212) 947-4700
Fax: (212) 9471202
*Counsel for Defendant Mouawad USA, Inc.*

Dated: April 11, 2008          By: _____
John T. Williams, Esq.

SO ORDERED:

Dated: April 14, 2008          By: _____
Hon. Shira A. Scheindlin,
United States District Judge

5